May 8, 2012

Dear Juan:

On Tuesday, May 8, 2012 you informed Federico Vargas on our HSE team, of your medical condition and requested a job accommodation to be able to perform the essential functions of your job. Schlumberger complies with ADA, and we want to support you in continuing to perform your job duties. As part of the process to assist you with your request, we will need the following two items from you:

1. *Your signature on the enclosed medical release form.* This will allow us to discuss your medical condition with you and your physician.

2. *A statement from your medical provider.* Please take the enclosed Clarifying Accommodations Form and your job description to your medical provider and review how your medical condition may affect the essential functions of your job. Ask your medical provider to indicate in writing what major life activities are limited and to offer suggestions, if any, for the type of accommodation(s) that would assist you with being able to perform your essential job functions.

Please be assured your medical information will remain confidential. After we have received this information, we will review your accommodation request and respond to you. If you have any questions, please do not hesitate to contact me at ETelford@slb.com or 210-623-9533.

Sincerely,

Elizabeth Telford
Personnel Representative

Enclosed:

Request for Reasonable Accommodation
Clarifying Accommodations

**EXHIBIT 2**

## CLARIFYING ACCOMMODATIONS FORM
### Regarding Juan Alonzo-Miranda
### Job Description of Mechanic Technician is attached for reference.

1. What is this employee's medical diagnosis or diagnoses?

   _PTSD_

2. Is the employee taking medication?  If so, please list the medication.

   _yes   see note attach_

3. If the employee is taking medication, has the employee reported any side effects to you?  If so, please list the side effects the employee is experiencing.

   _No_

4. Does this employee use any other mitigating measures or assistive devices to improve his/her functioning?  If so, please describe them and assess their effectiveness in reducing any functional limitation.

   _N/A_

5. To your knowledge, has the employee's medical condition affected his/her life activities such as caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working?
   a. If so, how and to what degree?  _yes cnt fuctn w/d My dg_
   b. What is the likely duration of these limitations?  _life time_
   c. What is your basis for this information?  _Psych eval_

Clarifying Accommodations Form

12.2011

**EXHIBIT 3**

_____

_____

_____

6.  Does the employee's medical condition preclude travel to and from work?  If so, what is the
    expected duration of this restriction and what is the medical reason?

    _____ *No* _____

    _____

    _____

7.  Does the employee's medical condition preclude him/her from being at work?  If so, how long is
    this restriction expected to last and what is the medical reason?

    *No as long as he has compensation essential*

    _____

8.  Does the employee's medical condition preclude assignment of any of the tasks and duties listed
    in the enclosed job description?   If so, identify the tasks and duties the employee is precluded
    from performing, the expected duration of these restrictions and the medical reason for your
    decision.

    *not that I know. it's not a*
    *physical impairment*

    _____

9.  Does the employee require additional leave?  If so, what is the medical reason?  Please specify
    the duration of the additional leave which the employee will require.

    _____ *No* _____

    _____

    _____

10.   Does the employee's condition affect his ability to safely [load, handle, or transport] explosives? If so, please explain. *(NOTE: This question should be customized for the particular job at issue.)*

_____ No _____

_____

_____

_____

11.   If the employee desired to exceed your restrictions or work without accommodation, is there a medical reason why you would tell the employee not to do so? If not, please explain your reason for this response.

_____ N/A _____

_____

_____

12.   Are there any accommodations of which you are aware which would enable the employee to safely and satisfactorily perform all of the tasks you assert the employee is precluded from performing?   ?   N/A

_____

_____

_____

13.   Is there a medical reason to believe that the employee is likely to experience injury, harm or aggravation of the medical condition by performing or attempting to perform any of the tasks and duties identified in the job description?
      a.  If so, what is the degree of injury, harm or aggravation that should be expected, and what is the likelihood that it will occur?
      b.  What is the time frame within which it is likely to occur?
      c.  What is the expected duration of the risk?
      d.  What is the medical reason for your conclusions?

_____ N/A  this is a psychiatric _____

_____ issue  Not  medical _____

_____

14. Is there a medical reason to believe that, because of the medical condition, the employee is likely to experience sudden or subtle incapacitation? If so, to what degree could the employee be incapacitated, and what is the likelihood that this will occur? What is the expected duration of the risk? What is the medical reason for your conclusions?

_if PTSD flares then could cause emotional distress_

15. Is the employee likely to recover sufficiently to perform all of the tasks and duties listed in the job description without accommodation or restriction? If so, when is this likely to occur?

_N/A_

Additional comments:

Physician's Signature: _____  Date: _2/13/12_

Physician's Name: _____

_Dr Barbara Roach MD_
_Internal Medicine_
_Frank Tejeda Clinic_
_5788 Eckhert Road_
_San Antonio, TX 78240_
_(210) 699-2100_

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JUAN ALONZO-MIRANDA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:13-CV-01057** |
| | § | |
| **SCHLUMBERGER TECHNOLOGY** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

<u>DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS</u>

**TO:**   **Plaintiff Juan Alonzo-Miranda, by and through his attorney of record, John W. Griffin
and Michael Neuerburg, Marek, Griffin & Knaupp, P.O. Box 2329, Victoria, Texas
77902.**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Schlumberger

Technology Corporation ("Defendant") responds as follows to Plaintiff's First Set of Requests for

Admissions:

<u>REQUESTS FOR ADMISSIONS</u>

<u>Request for Admission No. 1:</u> Please admit or deny that Plaintiff began working at your location in
Van Ormy, Texas on or about December 1, 2010.

<u>Response:</u>

Denied.

<u>Request for Admission No. 2:</u> Please admit or deny that, prior to May 4, 2012, Schlumberger had
been informed that Plaintiff had PTSD.

<u>Response:</u>

Defendant objects to this request on the grounds that it is vague and overly broad because it fails to
identify who at Schlumberger was allegedly informed.  Plaintiff may have mentioned an alleged
diagnosis to co-workers, but no medical information was submitted to Schlumberger.



**EXHIBIT 4**

Request for Admission No. 3: Please admit or deny that Plaintiff requested that he be permitted to bring his service dog to work.

Response:

Defendant objects to the lack of definition of service dog. Defendant admits that Plaintiff requested to bring his dog to work.

Request for Admission No. 4: Please admit or deny that Plaintiff explained to you that his request to bring his service dog to work was related to his PTSD.

Response:

Defendant objects to the lack of definition of service dog. Defendant admits that Plaintiff requested to bring his dog to work and also claimed to have a diagnosis of PTSD.

Request for Admission No. 5: Please admit or deny that Plaintiff's request to bring his service dog to work was first made on or about May 8, 2012.

Response:

Defendant objects to the lack of definition of service dog. Defendant admits that Plaintiff requested to bring his dog to work on May 8, 2012.

Request for Admission No. 6: Please admit or deny that, during the period in which you were considering Plaintiff's request to bring his service dog to work, Plaintiff provided you with a signed form authorizing you to obtain his medical records.

Response:

Admit that Plaintiff consented to allowing Defendant to obtain limited information. Defendant denies that Plaintiff consented to providing complete medical records relating to the alleged diagnosis of PTSD.

Request for Admission No. 7: Please admit or deny that you did not grant Plaintiff's request to bring his service dog to work until on or about November 30, 2012.

Response:

Defendant objects to the lack of definition of service dog. Defendant admits that Plaintiff was first allowed to bring his dog to work after November 30, 2012.

Request for Admission No. 8: Please admit or deny that after you allowed Plaintiff to bring his service dog to work, Plaintiff successfully performed all the essential functions of his job.

Response:

Defendant objects to the lack of definition of service dog.  To the extent "successfully" is intended to mean Plaintiff had no job performance issues, denied.

Request for Admission No. 9: Please admit or deny that Plaintiff suffered from PTSD during all relevant time periods with respect to this suit.

Response:

Denied.  Defendant has requested complete medical records, but Plaintiff has not provided them.

Request for Admission No. 10: Please admit or deny that you were aware that Plaintiff suffered from PTSD at all relevant times with respect to this suit.

Response:

Denied.  Defendant has requested complete medical records, but Plaintiff has not provided them.

Request for Admission No. 11: Please admit or deny that at all times relevant, Plaintiff had a disability as that term is defined by the Americans With Disabilities Act Amendments Act.

Response:

Denied.  Defendant has requested complete medical records, but Plaintiff has not provided them.

Request for Admission No. 12: Please admit or deny that the raise given to Plaintiff in July of 2012 was related to Plaintiffs work performance.

Response:

Denied to the extent the question seeks an admission that the raise was based solely on performance.

Request for Admission No. 13: Please admit or deny that you terminated Plaintiff s employment on April 25, 2014.

Response:

Admitted.

Request for Admission No. 14: Please admit or deny that PTSD is an "impairment" within the meaning of the ADA.

Response:

Defendant objects to this request to the extent it calls for a legal conclusion.  Defendant admits that PTSD can be an impairment depending on the severity.

**DEFENDANT'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**                    Page 3

<u>Request for Admission No. 15:</u> Please admit or deny that PTSD is a disability within the meaning of the ADA

<u>Response:</u>

Defendant objects to this request to the extent it calls for a legal conclusion.  Defendant admits that PTSD can be disabling depending on the severity.

<u>Request for Admission No. 16:</u> Please admit or deny that you discharged Plaintiff for reasons other than his ability to perform the essential functions of his job

<u>Response:</u>

Admitted.

<u>Request for Admission No. 17:</u> Please admit or deny that Plaintiff was qualified for the position he held within the meaning of the ADA.

<u>Response:</u>

Denied.


Respectfully submitted,

William L. Davis, Esq.
State Bar No. 05563800
davisw@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH:  (214) 520-2400
FX:  (214) 520-2008
And
Julie C. Tower
State Bar No. 24070756
Julie.tower@jacksonlewis.com
JACKSON LEWIS P.C.
111 Congress Ave., Suite 1300
Austin, Texas 78701
PH:  (512) 362-7100
FX:  (512) 362-5574

**ATTORNEYS FOR DEFENDANT**

<u>DEFENDANT'S OBJECTIONS AND RESPONSES TO</u>
<u>PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS</u>                    **Page 4**

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2014, a copy of the foregoing was forwarded via fax and certified mail, return receipt requested, to the following counsel of record:

> John W. Griffin, Jr.
> Law Offices of John W. Griffin, Jr.
> 203 North Liberty Street
> Victoria, Texas  77901
> PH:  (361) 573-5500
> FX:  (361) 573-5040

_____
William L. Davis

Employee Mini File

Schlumberger

Confidential

## Employee Mini File

Report Date/Time: 12 Dec 2013  21:38:26

| | | | |
|---|---|---|---|
| Full Name: | Juan Alonzo-Miranda | Gender: | M |
| GIN: | 03818051 | Nationality: | American |
| Birth Date: | 07 Jun 1981 | Place of Birth: | |
| SLB Seniority: | 01 Dec 2010 | Language: | English |
| Position Seniority: | 01 Dec 2010 | | Spanish |
| Position Title: | Trainee Mechanic Technician - Shop | Marital Status: | Marr. |
| Organisational Unit: | WS Well Services Southwest - San Antonio | # Children: | 3 |
| Employee Group Seniority: 01 Dec 2010 | | | |
| Grade Seniority: | 28 Mar 2011 | | |

| | | | | | |
|---|---|---|---|---|---|
| Group Segment: | WS Staff | Point of Origin: | San Antonio, TX US | .Vac. balance | |
| Company: | STC US (Dowell) (STCD) | Flying Point: | US | With Pay | Without Pay |
| Cost Center: | 0000201515 | Annual Base Salary: | 43,680.00 USD | | |
| Pers. Area : | San Antonio (21TJ) | Salary Date: | 01 Jul 2012 | | |
| Job: | Trainee Mechanic | Last seniority pin: | 00 | | |
| Grade: | G95 | | | | |
| EE Grp: | HC Resident | | | | |
| EE Sbgrp: | Non Exempt Indirect (E) | | | | |

### Education
| Education | Certificate | Branch Of Study | Year | School/University |
|---|---|---|---|---|
| | | | | |

### Contacts
| Emergency Contact | Personal Address |
|---|---|
| Contact: | Contact: |
| Address: 2818 N Pan American Expressway Apt 7106 | Address: 2818 N PANAM EXPY Apt 7106, |
| 78208 | 78208, San Antonio, |
| San Antonio , USA | Texas, USA |
| Tel: US 2104125806 | Tel Nb: US 2108334081 |

### SLP3 Ratings
| Date | | | Rating | Appraiser |
|---|---|---|---|---|
| 01 Jan 2012 | to | 31 Dec 2012 | C - Meeting Expectations | Eric Brown |
| 01 Jan 2011 | to | 31 Dec 2011 | C - Meeting Expectations | Andrew Turrell |

### Training
| Date | | Course Type |
|---|---|---|
| | | |

### Qualifications
| Name | Proficiency | Expiration Date |
|---|---|---|
| English | Expert | 31 Dec 9999 |
| Spanish | Expert | 31 Dec 9999 |

### Career History
| Salary Change | Organizational Change | Employee group | Country | Group Segment | Position Title | Grade | Reason of Salary Increase | Base salary | Currency |
|---|---|---|---|---|---|---|---|---|---|
| 01 Jul 2012 | 22 Sep 2013 | HC Resident | USA | WS Staff | Trainee Mechanic Technician - Shop | G95 | Adjustment | 43,680.00 | USD |
| 01 Jul 2012 | 01 Jul 2012 | HC Resident | USA | WS Staff | Trainee Mechanic Technician | G95 | Adjustment | 43,680.00 | USD |
| 02 Jul 2011 | 02 Jul 2011 | HC Resident | USA | WS Staff | Trainee Mechanic Technician | G95 | Adjustment | 40,560.00 | USD |
| 28 Mar 2011 | 28 Mar 2011 | HC Resident | USA | WS Staff | Trainee Mechanic Technician | G95 | Adjustment | 38,480.00 | USD |
| 01 Dec 2010 | 01 Jan 2011 | HC Resident | USA | WS Staff | Trainee Mechanic Technician | G94 | Adjustment | 35,361.00 | USD |

**EXHIBIT 5**

 

## Trainee Mechanical Technician

### Job Summary:

The Trainee Mechanical Technician works as part of the maintenance team to develop his/her skills and knowledge in the maintenance, troubleshooting and repair of the mechanical and electronic equipment and components used by Well Services. Maintenance duties will be performed in the work shop and at the well site. The appearance and attitude presented by the Trainee Mechanical Technician will enhance the Company's image.

### Relationships:

The Trainee Mechanical Technician reports directly to his or her Assigned Mentor or General Maintenance Manager.

### Essential Responsibilities and Duties:

**People & Training**

- Learns, through organized seminars and personal study, the operational and technical characteristics of the segment's tools.
- Develops skills and knowledge in the safe and proper operation of selected items of WS equipment.
- Promotes the importance of Data and Service Quality within the maintenance community.
- Understands career objectives and completes the necessary training and self-study for promotion to the next level as per the WS Maintenance SCDP.
- Reviews and discusses progress with Supervisor and maintains training records in iLearn.

**Process & Equipment**

- Ensures all assigned equipment is continually maintained at the highest standards, resulting in proper functionality and minimum failures.
- Performs Quality checks strictly, as per procedure, and according to the defined schedule.
- Modifies equipment in a timely manner and only in line with official modification releases.
- Under direction, performs preventative, planned and unplanned maintenance, repairs, overhauls, tuning, troubleshooting, and testing on company mechanical and electronic equipment according to Company standards and the Standard Equipment Maintenance (STEM) program.
- Participates in well-site operations to develop an understanding of the application and operating conditions of WS equipment.
- Develops skills & knowledge to perform support services (including cutting, grinding & drilling), and a basic understanding of compressed air, hydraulic, electrical and electronic systems and components.
- Understands and helps drive the World Wide Service Quality Plan within the location.
- Actively uses InTouch Support and Fleet Assistant both for technical solutions and for knowledge sharing.

Schlumberger/Alonzo-Miranda
000220

**EXHIBIT 6**

Manufacturing Engineer   Page 2 of 2

- Reports honestly and accurately at all times.

**Quality & HSE**

- Promotes a culture of safety awareness within the maintenance community.
- Follows the company policies and procedures on quality, health, safety and environment and maintains required Quality and HSE certifications up-to-date.
- Ensures his/her work areas are safe, clean and orderly at all times and performs housekeeping duties as part of the maintenance team to maintain cleanliness in shop area. Wears all Personal Protective Equipment (PPE) as required.
- Performs a Risk Analysis (e.g. HARC, JSA, Stepback 5x5) before each job or task to identify & address potential safety hazards. Corrects and reports hazards immediately.
- Keeps Maintenance Manuals and other confidential documents secure and in good order.
- Supports Management efforts to minimize general Quality and HSE risks and promotes respect, understanding and adherence to safety regulations.
- Participates in the District HSE & Quality initiatives & programs (e.g. SOIM's, Risk Assessments, Quality Improvements, Emergency Response Plan, HSE & SQ Objectives, LPT & SQC).
- Uses QUEST to report RIR and for follow up on action items.
- Continuously strives to optimize the safety and efficiency of maintenance procedures.
- Maintains strict confidentiality of Schlumberger and client information.
- Understands and actively applies the SLB LTI/AA Prevention Plan.
- Takes an active part in the Location LPT.

**Previous Experience and Competencies:**

**Experience:**   Apart from the required High School Diploma or GED plus 2-yr Associate Degree (Higher National Diploma – HND in UK) from a community college or vocational college, the trainee must have the ability to formulate complex thought processes necessary for efficient troubleshooting of hydraulic circuits, etc. Computer literacy and a driving license are mandatory. Candidates should be able to communicate in both written and spoken English.

Schlumberger/Alonzo-Miranda
000221

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JUAN ALONZO-MIRANDA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:13-CV-01057** |
| | § | |
| **SCHLUMBERGER TECHNOLOGY** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**TO:** **Plaintiff Juan Alonzo-Miranda, by and through his attorney of record, John W. Griffin and Michael Neuerburg, Marek, Griffin & Knaupp, P.O. Box 2329, Victoria, Texas 77902.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Schlumberger Technology Corporation ("Defendant") responds as follows to Plaintiff's First Set of Interrogatories:

## INTERROGATORIES

Interrogatory No. 1: Please identify the job titles, dates held, rates of pay, and essential functions of each job that Plaintiff held while working for you.

Response:

This information is found in Plaintiff's personnel file and payroll records, copies of which are being produced.

Interrogatory No. 2: Please identify any of the essential functions of Plaintiff's job(s) which you contend that Plaintiff was unable to perform, or substantially limited in performing while working for you.

Response:

Plaintiff did not appear to be unable to perform any essential functions of his job.



DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERRROGATORIES                                    Page 1

**EXHIBIT 7**

<u>Interrogatory No. 3:</u> Please identify all persons with knowledge of relevant facts, regardless of whether or not the witness may be called by you at trial.

<u>Response:</u>

See disclosures.

<u>Interrogatory No. 4:</u> Please state your chain of command or supervision as it related to Plaintiff and identify your organizational chart and all other documents that bear upon your management of Plaintiff from May 1, 2012 until April 25, 2014.

<u>Response:</u>

Andrell Turrell, Crew Leader, reported to Bradley Brown, Maintenance Manager.

Richard Rodriguez, Maintenance Lead, reported to Brad Brown, Maintenance Manager.

Tom Skierka, Division Maintenance & Technique Manager.

<u>Interrogatory No. 5:</u> Please identify any performance problems or that you contend that Plaintiff had while working for you, including any inability to perform the essential functions of his job.

<u>Response:</u>

Defendant was not aware of an inability to perform essential functions of the job.  As for performance problems, Plaintiff had issues with absenteeism, tardiness, failing to complete work in a timely manner, failing to follow established safety rules, failing to follow timekeeping procedures, inappropriate communications with a co-worker, and falling asleep on the job.  See personnel file.

<u>Interrogatory No. 6:</u> Please identify any acts of dishonesty or insubordination that you contend reflect on Plaintiffs credibility.

<u>Response:</u>

Defendant objects to this request to the extent it seeks work product.  The investigation is ongoing, but see police report, a copy of which is being produced.

<u>Interrogatory No. 7:</u> Please identify any acts, statements, or communications by Plaintiff that you contend were inappropriate conduct or behavior for the Schlumberger workplace.

<u>Response:</u>

Defendant objects to this request on the grounds that it is overly broad and vague. Examples include making racially insensitive remarks to a co-worker and sending a text which resulted in a harassment complaint.  The investigation is ongoing.

<u>**DEFENDANT'S OBJECTIONS AND RESPONSES TO**</u>
<u>**PLAINTIFF'S FIRST SET OF INTERRROGATORIES**</u>                    **Page 2**

**Interrogatory No. 8:** Please state when you became aware of Plaintiffs request for accommodation, describe all actions taken in response to Plaintiffs request, and identify the individual(s) involved in the discussion or decision making and the role of each such person.

<u>Response:</u>

See response to EEOC charge.

**Interrogatory No. 9:** Please state the reason(s) why you did not grant Plaintiffs request for accommodation prior to November 30, 2012, as well as the reason(s) why you did grant it on or about November 30, 2012.

<u>Response:</u>

See response to EEOC charge.

**Interrogatory No. 10:** If you contend that your refusal to grant Plaintiffs request for accommodation prior to November 30, 2012 was due in whole or in part to a need for any information or documentation, please identify each such item of information or documentation you needed and your reason for needing it.

<u>Response:</u>

There was no refusal to grant the request for accommodation.  As set forth in the response to the EEOC charge, Defendant was engaging in the interactive process and was asking Plaintiff for information which he would not provide or delayed providing.

**Interrogatory No. 11:** Please identify each document or record you relied on in granting the accommodation on or about November 30, 2012.

<u>Response:</u>

See response to EEOC charge.

**Interrogatory No. 12:** For each item you identified in your response to Interrogatory No. 10, please describe the efforts you made to obtain such item of information or documentation.

<u>Response:</u>

See response to EEOC charge.

**Interrogatory No. 13:** Please identify each restriction you placed upon Plaintiffs accommodation of bringing his service dog to work and state your reason(s) for imposing each such restriction.

<u>Response:</u>

See November 30, 2012, letter to Plaintiff.

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERRROGATORIES**                                          **Page 3**

Interrogatory No. 14: For each restriction identified in response to Interrogatory No. 13, please describe the process by which the restriction was instituted, identifying the persons involved in instituting the restriction and their role.

Response:

See November 30, 2012, letter to Plaintiff.

Interrogatory No. 15: Please state your reason(s) for terminating Plaintiffs employment; if you contend that Plaintiff violated any Schlumberger rule or policy, please identify such rule or policy.

Response:

Plaintiff had a number of instances of poor judgment and poor work performance. The last incident happened on April 24, 2014, when Plaintiff sent an offensive text to an African-American co-worker. The co-worker made a complaint of harassment, complaining of this incident and prior conduct of Plaintiff. Copies of the Company policies are being produced.

Interrogatory No. 16: Please identify each individual involved in the decision to terminate Plaintiff's employment and describe their role in the termination process, including but not limited to: decision-makers, persons who advised decision-makers and persons who provided information related to Plaintiff to decision-makers.

Response:

Defendant objects to this request to the extent it seeks to invade the attorney-client privilege or work product doctrine. Defendant will supplement.

Interrogatory No. 17: Please state the amount of pay and benefits Plaintiff would have earned from October 13, 2012 until December 3, 2012, had he been able to work as normal, and please explain how you calculated this amount.

Response:

See payroll reports.

Interrogatory No. 18: Please state the amount of pay and benefits Plaintiff would have earned from April 25, 2014 until the present, had Schlumberger not discharged him.

Response:

See payroll reports.

**DEFENDANT'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST SET OF INTERRROGATORIES**                    **Page 4**

Respectfully submitted,

William L. Davis, Esq.
State Bar No. 05563800
davisw@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH:  (214) 520-2400
FX:  (214) 520-2008
And
Julie C. Tower
State Bar No. 24070756
Julie.tower@jacksonlewis.com
JACKSON LEWIS P.C.
111 Congress Ave., Suite 1300
Austin, Texas 78701
PH:  (512) 362-7100
FX:  (512) 362-5574

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2014, a copy of the foregoing was forwarded via fax and

certified mail, return receipt requested, to the following counsel of record:

John W. Griffin, Jr.
Law Offices of John W. Griffin, Jr.
203 North Liberty Street
Victoria, Texas  77901
PH:  (361) 573-5500
FX:  (361) 573-5040

William L. Davis

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JUAN ALONZO-MIRANDA,          §
                              §
        Plaintiff,            §
                              §
v.                            §          Civil Action No. 5:13-CV-01057
                              §
SCHLUMBERGER TECHNOLOGY       §
CORPORATION,                  §
                              §
        Defendant.            §
                              §

### DEFENDANT'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**TO:**   **Plaintiff Juan Alonzo-Miranda, by and through his attorney of record, John W. Griffin and Michael Neuerburg, Marek, Griffin & Knaupp, P.O. Box 2329, Victoria, Texas 77902.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Schlumberger

Technology Corporation ("Defendant") responds as follows to Plaintiff's First Set of Interrogatories:

### INTERROGATORIES

Interrogatory No. 5: Please identify any performance problems or that you contend that Plaintiff had while working for you, including any inability to perform the essential functions of his job.

Response:

      Defendant was not aware of an inability to perform essential functions of the job.  His Performance Appraisal and Development Plans (Schlumberger/Alonzo-Miranda 683-706) provide the detail regarding areas where objectives were achieved, Performance Factors were satisfactory, and he demonstrated the ability to perform the work.   These documents to not reflect an "inability" to perform the essential functions of his job.  The issues leading to his discharge related to his conduct, rather than his ability.  For example, Plaintiff received written warnings dated May 31, 2012, and January 7, 2013 (Schlumberger/Alonzo-Miranda 7 and 8).  He also received verbal warnings on July 15, 2013, and April 21, 2014 (Schlumberger/Alonzo-Miranda 328-329).  Other examples of his conduct are reflected in Schlumberger/Alonzo-Miranda 76, and 98-99.

Interrogatory No. 6: Please identify any acts of dishonesty or insubordination that you contend reflect on Plaintiff's credibility.

**DEFENDANT'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERRROGATORIES**                        **Page 1**

**Response:**

Subject to its previous objections, the police report reflects that Plaintiff's account of his conduct is different than the witness accounts. Defendant has also requested from Plaintiff the complete records regarding his application for benefits with the VA, and from other third parties who he has claimed caused his problems and caused him to miss work. Defendant will supplement once Plaintiff provides those records[1]. See also Schlumberger/Alonzo-Miranda 193 regarding alleged incidents causing Plaintiff to miss work, for which Plaintiff has provided no medical records.

**Interrogatory No. 7:** Please identify any acts, statements, or communications by Plaintiff that you contend were inappropriate conduct or behavior for the Schlumberger workplace.

**Response:**

Subject to its previous objections, see Schlumberger/Alonzo-Miranda 7, 8, 76, 98-99, 328, and 329.

**Interrogatory No. 8:** Please state when you became aware of Plaintiff's request for accommodation, describe all actions taken in response to Plaintiff's request, and identify the individual(s) involved in the discussion or decision making and the role of each such person.

**Response:**

The chronology and all of this information is contained in the response to the EEOC Charge (Schlumberger/Alonzo-Miranda 309-312).

**Interrogatory No. 10:** If you contend that your refusal to grant Plaintiff's request for accommodation prior to November 30, 2012 was due in whole or in part to a need for any information or documentation, please identify each such item of information or documentation you needed and your reason for needing it.

**Response:**

There was no refusal to grant the request for accommodation. As set forth in the response to the EEOC charge (Schlumberger/Alonzo-Miranda 309-312), Defendant was engaging in the interactive process and was asking Plaintiff for information which he would not provide or delayed providing. The information needed was the records of Dr. Wyrick and Dr. Dennis relating to Plaintiff's request for them to fill out the accommodation forms and their response.

**Interrogatory No. 11:** Please identify each document or record you relied on in granting the accommodation on or about November 30, 2012.

---

[1] Although some medical records have been produced which provide information which is inconsistent with Plaintiff's testimony in his deposition, the individual verifying these interrogatories does not have access to those records because Plaintiff marked them confidential under the Protective Order, so a complete response cannot be provided at this time.

**DEFENDANT'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERRROGATORIES**                                    **Page 2**

Response:

See the response to the EEOC Charge (Schlumberger/Alonzo-Miranda 309-312), the exhibits to the response (Schlumberger/Alonzo-Miranda 313-321), and follow-up exchanges in the interactive process (Schlumberger/Alonzo-Miranda 272-278, 280-285, 306, 169-171).

Interrogatory No. 12: For each item you identified in your response to Interrogatory No. 10, please describe the efforts you made to obtain such item of information or documentation.

Response:

Defendant requested this information from Plaintiff. The chronology regarding these requests is set forth in the response to the EEOC charge (Schlumberger/Alonzo-Miranda 309-312).

Interrogatory No. 13: Please identify each restriction you placed upon Plaintiff's accommodation of bringing his service dog to work and state your reason(s) for imposing each such restriction.

Response:

See November 30, 2012, letter to Plaintiff (Schlumberger/Alonzo-Miranda 140).

Interrogatory No. 14: For each restriction identified in response to Interrogatory No. 13, please describe the process by which the restriction was instituted, identifying the persons involved in instituting the restriction and their role.

Response:

See November 30, 2012, letter to Plaintiff (Schlumberger/Alonzo-Miranda 140). As set forth in the email exchanges with Plaintiff, attempts were made by Elizabeth Telford to meet with Plaintiff in October of 2014 (Schlumberger/Alonzo-Miranda 272-273). Ms. Telford recapped the efforts in her letter dated October 17, 2012 (Schlumberger/Alonzo-Miranda 272-273). As set forth in the letter from Gaynor Richardson dated November 8, 2012 (Schlumberger/Alonzo-Miranda 153), she encouraged him to have a dialog with Personnel and Local Management. A telephone conference was eventually held on November 30, 2012, where the accommodations were identified, discussed, and agreed to. The participants and content of the discussions are set forth in the November 30, 2012, letter (Schlumberger/Alonzo-Miranda 140).

Interrogatory No. 15: Please state your reason(s) for terminating Plaintiff's employment; if you contend that Plaintiff violated any Schlumberger rule or policy, please identify such rule or policy.

Response:

Plaintiff had a number of issues described in the response to Interrogatory No. 5 above. Four days before his discharge, Plaintiff was found sleeping on the job. (Schlumberger/Alonzo-Miranda 329). The last incident happened on April 24, 2014, when Plaintiff sent an offensive text to an African-

American co-worker. The co-worker made a complaint of harassment, complaining of this incident and prior conduct of Plaintiff. Copies of the Company policies are being produced.

<u>Interrogatory No. 16:</u> Please identify each individual involved in the decision to terminate Plaintiff's employment and describe their role in the termination process, including but not limited to: decision-makers, persons who advised decision-makers and persons who provided information related to Plaintiff to decision-makers.

<u>Response:</u>

Subject to its previous objections, Deandrae Fillmore came forward with a complaint to Maria Reyes. She forwarded the complaint to Craig Cooley, who notified his manager, Tom Skierka, who notified Kevin Kennett, Ruchira Corey and Jean-Remy Bellanger. Jean-Remy Bellanger and Ruchira Corey investigated the complaint. Mr. Fillmore reported that Plaintiff engaged in other offensive conduct. Plaintiff also had the issues described in response to Interrogatory No. 5 above.

<u>Interrogatory No. 17:</u> Please state the amount of pay and benefits Plaintiff would have earned from October 13, 2012 until December 3, 2012, had he been able to work as normal, and please explain how you calculated this amount.

<u>Response:</u>

Defendant is unable to state how much Plaintiff would have earned because it would depend on his ability to work. Defendant has requested medical records from this time frame because the limited (and somewhat illegible) records Defendant has received thus far indicate Plaintiff was seeking increased disability benefits from the VA during this time, but has not provided complete records regarding what he was telling the VA regarding his ability to work. His hourly rate of pay at Schlumberger during this time frame was $21 per hour. If he was able to work a 40-hour week, the total pay would be $1,680.00.

<u>Interrogatory No. 18:</u> Please state the amount of pay and benefits Plaintiff would have earned from April 25, 2014 until the present, had Schlumberger not discharged him.

<u>Response:</u>

Defendant is unable to state how much Plaintiff would have earned because it would depend on his ability to work. Defendant has requested medical records from this time frame because the limited records Defendant has received thus far indicate Plaintiff was seeking increased disability benefits from the VA during this time, but has not provided complete records regarding what he was telling the VA regarding his ability to work. His hourly rate of pay at Schlumberger during this time frame was $21 per hour. If he was able to work a 40-hour week, the total pay would be $1,680.00.

Respectfully submitted,

William L. Davis, Esq.
State Bar No. 05563800
davisw@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008
And
Julie C. Tower
State Bar No. 24070756
Julie.tower@jacksonlewis.com
JACKSON LEWIS P.C.
111 Congress Ave., Suite 1300
Austin, Texas 78701
PH: (512) 362-7100
FX: (512) 362-5574

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2014, a copy of the foregoing was forwarded via

facsimile, to the following counsel of record:

John W. Griffin, Jr.
Law Offices of John W. Griffin, Jr.
203 North Liberty Street
Victoria, Texas  77901
PH: (361) 573-5500
FX: (361) 573-5040

William L. Davis

**DEFENDANT'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERRROGATORIES**                          **Page 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN ALONZO-MIRANDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:13-CV-01057 |
| | § | |
| SCHLUMBERGER TECHNOLOGY | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**VERIFICATION**

STATE OF TEXAS               §
                             §
COUNTY OF Bexar              §

BEFORE ME, the undersigned authority, on this day personally appeared Jean-Remy Bellanger, who being first duly sworn, stated as follows:

"My name is Jean-Remy Bellanger. I am the Human Resources Representative for Defendant Schlumberger Technology Corporation. I am authorized on behalf of this Defendant to verify the answers in Defendant's Supplemental Answers to Plaintiff's First Set of Interrogatories to Defendant. The answers provided consist of information compiled from a variety of sources and are true and correct to the best of my personal knowledge."

_____
Jean-Remy Bellanger

Sworn to and subscribed before me by on this the 8 day of AUGUST 2014.

_____
Notary Public in and for the State of Texas

My commission expires: 5/9/2016

SYLVIA GARZA
Notary Public
STATE OF TEXAS
My Comm. Exp. May. 09, 2016

**VERIFICATION**                                                    **Page 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN ALONZO-MIRANDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:13-CV-01057 |
| | § | |
| SCHLUMBERGER TECHNOLOGY | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**TO:** Plaintiff Juan Alonzo-Miranda, by and through his attorney of record, John W. Griffin and Michael Neuerburg, Marek, Griffin & Knaupp, P.O. Box 2329, Victoria, Texas 77902.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Schlumberger

Technology Corporation ("Defendant") responds as follows to Plaintiff's First Set of Interrogatories:

## INTERROGATORIES

**Interrogatory No. 9:** Please state the reason(s) why you did not grant Plaintiff's request for accommodation prior to November 30, 2012, as well as the reason(s) why you did grant it on or about November 30, 2012.

**Response:**

The timeline of Plaintiff requesting to bring his dog to work and Schlumberger's efforts in the interactive process is set forth in the response to the EEOC Charge (Schlumberger/Alonzo-Miranda 309-312). According to the EEOC's enforcement guidelines:

> An employer may require that the documentation about the disability and the functional limitations come from an appropriate health care or rehabilitation professional. The appropriate professional in any particular situation will depend on the disability and the type of functional limitation it imposes. Appropriate professionals include, but are not limited to, doctors (including psychiatrists), psychologists,

DEFENDANT'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES                    Page 1

nurses, physical therapists, occupational therapists, speech therapists, vocational rehabilitation specialists, and licensed mental health professionals.

Since Dr. Roach was an internal medicine doctor, and she did not answer all of the questions asked on the accommodation form, she did not appear to be an "appropriate professional" to advise Schlumberger on the appropriate accommodation. What Schlumberger did not know at the time was that Plaintiff had already consulted with two "appropriate professionals" -- Dr. Wyrick and Dr. Dennis, who would not sign the accommodation form recommending that he bring his dog to work. Plaintiff signed an EEOC Charge under penalty of perjury on September 4, 2012, stating that he had provided the documentation the company had requested, failing to disclose that there existed medical records from Dr. Wyrick and Dr. Dennis negating the need to have his dog at work. As of September 4, 2012, he had not provided the information requested by Schlumberger, because according to the records of Dr. Wyrick and Dr. Dennis, they would not sign the accommodation forms. Plaintiff exchanged numerous emails with the EEOC investigator claiming he had provided the information requested, when he had not, asking the investigator to require that Schlumberger allow him to bring his dog to work. Schlumberger eventually reevaluated the request, still not knowing about the information Plaintiff was withholding, and decided to allow him to bring the dog to work. The sequence of events is set forth in Schlumberger/Alonzo-Miranda 64-65, 85, and 100-101.

**Interrogatory No. 13:** Please identify each restriction you placed upon Plaintiffs accommodation of bringing his service dog to work and state your reason(s) for imposing each such restriction.

**Response:**

See November 30, 2012, letter to Plaintiff (Schlumberger/Alonzo-Miranda 140). Without knowing that two "appropriate professionals" had declined to sign the accommodation forms recommending that Plaintiff bring the dog to work, Schlumberger attempted to work with Plaintiff to allow him to bring the dog to work. Since no "appropriate professional" as of November 30, 2012, had specified particular job duties or work areas requiring the dog to be present, Schlumberger believed these restrictions were reasonable. Plaintiff had offered to bring the kennel, so that restriction was proposed by him. Plaintiff never brought forth any information from an "appropriate professional" stating that these restrictions were not reasonable or that he had a medical or psychological need for fewer restrictions.

**Interrogatory No. 17:** Please state the amount of pay and benefits Plaintiff would have earned from October 13, 2012 until December 3, 2012, had he been able to work as normal, and please explain how you calculated this amount.

**Response:**

Defendant is unable to state how much Plaintiff would have earned because it would depend on his ability to work. Defendant has requested medical records from this time frame because the limited records Defendant has received thus far indicate Plaintiff was seeking increased disability benefits from the VA during this time, but has not provided complete records regarding what he was telling

the VA regarding his ability to work. He would also go to at least one hospital and possibly doctors outside of the VA, and those records have not been provided. His hourly rate of pay at Schlumberger during this time frame was $21 per hour. If he was able to work a 40-hour week, the total pay would be $1,680.00. The payroll report (Schlumberger/Alonzo-Miranda 82-84) shows Plaintiff's pay history from his date of hire in 2010 through the end of his employment in 2014. It shows that his hours varied – sometimes working less than 40 hours a week, and sometimes working more than 40 hours per week. These reports show that Plaintiff was paid during this time frame. Benefit information is reflected on Plaintiff's pay stubs (Schlumberger/Alonzo-Miranda 797-873).

<u>Interrogatory No. 18:</u> Please state the amount of pay and benefits Plaintiff would have earned from April 25, 2014 until the present, had Schlumberger not discharged him.

Defendant is unable to state how much Plaintiff would have earned because it would depend on his ability to work. Defendant has requested medical records from this time frame because the limited records Defendant has received thus far indicate Plaintiff was seeking increased disability benefits from the VA during this time, but has not provided complete records regarding what he was telling the VA regarding his ability to work. He would also go to at least one hospital and possibly doctors outside of the VA, and those records have not been provided. His hourly rate of pay at Schlumberger during this time frame was $21 per hour. If he was able to work a 40-hour week, the total pay would be $1,680.00. The payroll report (Schlumberger/Alonzo-Miranda 82-84) shows Plaintiff's pay history from his date of hire in 2010 through then end of his employment in 2014. It shows that his hours varied – sometimes working less than 40 hours a week, and sometimes working more than 40 hours per week. Benefit information is reflected on Plaintiff's pay stubs (Schlumberger/Alonzo-Miranda 797-873).

Respectfully submitted,

William L. Davis, Esq.
State Bar No. 05563800
davisw@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008
And
Julie C. Tower
State Bar No. 24070756
Julie.tower@jacksonlewis.com
JACKSON LEWIS P.C.
111 Congress Ave., Suite 1300
Austin, Texas 78701
PH: (512) 362-7100
FX: (512) 362-5574

<u>DEFENDANT'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERRROGATORIES</u>                              Page 3

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2014, a copy of the foregoing was forwarded via

facsimile, to the following counsel of record:

        John W. Griffin, Jr.
        Law Offices of John W. Griffin, Jr.
        203 North Liberty Street
        Victoria, Texas 77901
        PH: (361) 573-5500
        FX: (361) 573-5040

                        William L. Davis

**DEFENDANT'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST SET OF INTERRROGATORIES**                                 **Page 5**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN ALONZO-MIRANDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:13-CV-01057 |
| | § | |
| SCHLUMBERGER TECHNOLOGY | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF _____ | § |

BEFORE ME, the undersigned authority, on this day personally appeared Jean-Remy Bellanger, who being first duly sworn, stated as follows:

"My name is Jean-Remy Bellanger. I am the Human Resources Representative for Defendant Schlumberger Technology Corporation. I am authorized on behalf of this Defendant to verify the answers in Defendant's Supplemental Answers to Plaintiff's First Set of Interrogatories to Defendant. The answers provided consist of information compiled from a variety of sources and are true and correct to the best of my personal knowledge."

_____
Jean-Remy Bellanger

Sworn to and subscribed before me by on this the 竹 day of Augut, 2014.

_____
Notary Public in and for the State of Texas

My commission expires: 9/23/2015

CATHY OHALLORAN
My Commission Expires
September 23, 2016

VERIFICATION                                    Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JUAN ALONZO-MIRANDA,                        §
                                            §
        Plaintiff,                          §
                                            §
v.                                          §          Civil Action No. 5:13-CV-01057
                                            §
SCHLUMBERGER TECHNOLOGY                     §
CORPORATION,                                §
                                            §
        Defendant,                          §

## ACKNOWLEDGEMENT REGARDING
## CONFIDENTIALITY AND PROTECTIVE ORDER

By my signature below, I acknowledge that I have read the Confidentiality and

Protective Order in the case of *Juan Alonzo-Miranda v. Schlumberger Technology Corporation*,

and agree to comply with the restrictions relating to information shown to me which is marked

"Confidential."

Name: Jean-Rémy Bellanger

Date: 08/19/2014