| | |
|---|---|
| **From:** | Counseling Connections <counselingconnections.sa@gmail.com> |
| **Sent:** | Monday, June 25, 2012 3:59 PM |
| **To:** | Juan Alonzo-Miranda |
| **Subject:** | Re: FW: Accommodation Request Form (Robert Keith Franklin) |

Hi Mr. Alonzo-Miranda,

I apologize about the delay in response. If you will recall our last telephonic conversation, I will be out of my office until 10/1/12 for a temporary leave of absence. I have an assistant monitoring calls, emails, and requests for documents; nevertheless, I reviewed the attached document and it is soley for a medical practitioner to complete. I am not a medical practitioner. I hold a masters degree in counseling only. The form requires a consult with a physician for a medical diagnosis, review of medications, etc of which the form asks. I know this does not aid you in what you seek, but I am limited in my capacity currently. I wish the best for your endeavors.

Respectfully,
R. Keith Franklin, MA, LPC-S
210-446-8255

On Fri, Jun 22, 2012 at 6:42 PM, Juan Alonzo-Miranda <JAlonzo-miranda@slb.com> wrote:

Robert Keith Franklin,

Hello once again, I'm in need of your help once again. I was one of your patients last year and I was able to get a recommendation letter from you to have my dog Goldie as my PTSD SERVICE DOG. Now here I am, we have gone thru the training and have gotten Goldie to become my PTSD SERVICE DOG and now I'm having to justify as to why I need my dog by my side during working hours. I had a similar situation occur when I brought this up my chain of command in the National Guard and I was told to write a request to the Colonel of our Brigade in order to be considered for Goldie to accompany me to my 2 weeks training in Ft. Wolters in Mineral Wells back in April. She was allow to attend my two week training and then I return to work and I wanted to kill myself after about 2 weeks of returning back to my civilian work and not being able to have Goldie by my side to do her job. I was taken by ambulance to the VA hospital and seen by the E.R. for Suicidal Ideation, I was discharged since my wife took Goldie with her so that she could be with me. I don't want to become dependent on medications and to me, Goldie is my partner and I would rather have her than take a bunch of medications. Like I said, I'm having to justify as to why I need my Service dog with me and I'm to the point where I don't even want to come to work. I've began to lose interest in the simple things in life, I've also started going to the Vet Center off IH-35 next to the VIA station. I'm currently undergoing CPT training and its' been a rough road. All I want to be able to do is come to work and have my PTSD service dog with me. I was re-evaluated back on September and I was given a higher rating for my PTSD. I was given an initial rating of 30% and now as of Dec 2011 I'm at a 50% rating for my PTSD. I really need your help on this as I said before, my military unit has no problems with Goldie being by my side when I'm doing my military duties and I don't see a valid reason as to why my regular work would hinder me from having my Service Dog at work. I will take full responsibility for her as I've done in the past, my dog is not a vicious animal and she is a very well behaved dog. This is a new treatment for combat Vets like myself, the hardest thing to do was to admit that I needed help. Now I'm doing the classes and seeking help to just have some speed bumps of this nature is quite

1

Schlumberger / Alonzo-Miranda
000880

**EXHIBIT 13**

upsetting. Please give me a call or an email in a timely manner. I have confide and trusted in you in my time of need please don't let me down sir!!! If you need copies of my documentations for Goldie please give me a valid fax number as to where I can fax them to and I will do so. Thank you once again for your time.

Respectfully,

Juan M. Alonzo-Miranda

**From:** Elizabeth Telford
**Sent:** Friday, June 22, 2012 3:56 PM
**To:** Juan Alonzo-Miranda
**Subject:** Accomodation Request Form

Hi Juan,

Attached is a new form and your job description for the doctor's review.

Thanks,

Elizabeth Telford

RPG Personnel Representative

Schlumberger

10310 Fischer Rd.

Von Ormy, Texas 78073

Tel: (210) 623-9533

Schlumberger / Alonzo-Miranda
000881

--

Counseling Connections of San Antonio

7300 Blanco Rd, Ste 501

San Antonio, TX  78216

Office:  210-446-8255 (TALK)

Fax:  888-823-3497

Email:  CounselingConnections.SA@gmail.com

Website:  www.counselingconnectionsofsa.com

Counseling Connections of San Antonio
Owner/Operated by:  Robert K Franklin, LPC-S
Licensed Professional Counselor

**CONFIDENTIALITY NOTICE:**
This email and any files transmitted with it may contain PRIVILEGED or CONFIDENTIAL information and may be read or used only by the intended recipient. If you are not the intended recipient of the email or any of its attachments, please be advised that you have received this email in error and that any use, dissemination, distribution, forwarding, printing, or copying of this email or any attached files is strictly prohibited. If you have received this email in error, please immediately purge it and all attachments and notify the sender by reply email or contact the sender at 210-878-9623.

Schlumberger / Alonzo-Miranda
000882

Clarifying Accommodations Form 12.2011

## CLARIFYING ACCOMMODATIONS FORM
Regarding Juan Alonzo-Miranda
Job Description of Mechanic Technician is attached for reference.

1. What is this employee's medical diagnosis or diagnoses?
The Department of Veterans Affairs has determined that this veteran has chronic Post Traumatic Stress Disorder. This situation is service connected and is the result of being in combat and multiple deployments into a combat Zone. He is rated 60% service connected disabled.

2. Is the employee taking medication? If so, please list the medication.
The veteran is not currently required to take any medications.

3. If the employee is taking medication, has the employee reported any side effects to you? If so, please list the side effects the employee is experiencing.

Not applicable.

4. Does this employee use any other mitigating measures or assistive devices to improve his/her functioning? If so, please describe them and assess their effectiveness in reducing any functional limitation.

This veteran has been assigned a Service Dog named 'Goldie' in conjunction with the American With Disabilities Act. We have found that veterans with chronic PTSD have reduced their hyper-arousal with the use of these dogs. It reduces their stress and anxiety levels when they are instigated by a triggering event. These triggers can be things that the veteran see's, hears, smells, or senses.

5. To your knowledge, has the employee's medical condition affected his/her life activities such as caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working?
a. If so, how and to what degree?
b. What is the likely duration of these limitations?
c. What is your basis for this information?

PTSD is not a medical condition but a psychological condition, or what we would consider an emotional injury. His symptoms include anger outbursts, anxiety, flashbacks, nightmares, hyper vigilance, sleep problems, and survivors guilt. The presence of the service dog can help to reduce the frequency of these symptoms emerging. Each person is different in their recovery period regarding PTSD. For some it takes years to fully get their symptoms under control. The basis for this information is VA records and the DSM-IV-TR.

6. Does the employee's medical condition preclude travel to and from work? If so, what is the expected duration of this restriction and what is the medical reason?

Again this is not a medical condition. Anxiety may be increase while traveling in urban areas because the veteran was exposed to IED explosions from hidden devices buried along travel routes.

7. Does the employee's medical condition preclude him/her from being at work? If so, how long is this restriction expected to last and what is the medical reason?

The veterans psychological condition could last for an extended period of time, perhaps years.

Schlumberger/Alonzo-Miranda 000095

**EXHIBIT 14**

8. Does the employee's medical condition preclude assignment of any of the tasks and duties listed in the enclosed job description? If so, identify the tasks and duties the employee is precluded from performing, the expected duration of these restrictions and the medical reason for your decision.

Veteran should not be around areas where there are unexpected explosions. If he is made aware in advance that there is a planned explosion he should do fine. Based on the Job Summary provided, his condition should not preclude any other work assignments.

9. Does the employee require additional leave? If so, what is the medical reason? Please specify the duration of the additional leave which the employee will require.

Not likely. There might be an occasion when a triggering event causes a high degree of anxiety, but he likely will be able to regain control fairly quickly. The presence of the service dog in those situations would be very helpful.

10. Does the employee's condition affect his ability to safely [load, handle, or transport] explosives? If so, please explain. *(NOTE: This question should be customized for the particular job at issue.)*

See comments under 8 above.

11. If the employee desired to exceed your restrictions or work without accommodation, is there a medical reason why you would tell the employee not to do so? If not, please explain your reason for this response.

Again there is not a medical reason. Logic should be used by the veteran in these situations in conjunction with the needs of the work environment to reduce any event that might be considered a triggering event.

12. Are there any accommodations of which you are aware which would enable the employee to safely and satisfactorily perform all of the tasks you assert the employee is precluded from performing?

The service dog's presence is likely to be sufficient in a vast majority of the work place situations outlined in the Job Summary he provided me. Patience and understanding about the condition of PTSD would also be helpful. He should be able to perform the job described in a safe and satisfactory manner.

13. Is there a medical reason to believe that the employee is likely to experience injury, harm or aggravation of the medical condition by performing or attempting to perform any of the tasks and duties identified in the job description?
a. If so, what is the degree of injury, harm or aggravation that should be expected, and what is the likelihood that it will occur?
b. What is the time frame within which it is likely to occur?
c. What is the expected duration of the risk?
d. What is the medical reason for your conclusions? Clarifying Accommodations Form 12.2011

There is no medical reason that I am currently aware of.

14. Is there a medical reason to believe that, because of the medical condition, the employee is likely to experience sudden or subtle incapacitation? If so, to what degree could the employee be incapacitated, and what is the likelihood that this will occur? What is the expected duration of the risk? What is the medical reason for your conclusions?

Again, not a medical reason. From a psychological standpoint an anxiety attack is the most likely incident to occur that could incapacitate him in the workplace. He is aware of techniques to help him regain control fairly quickly, and once again the presence of the service dog in the near term would be helpful should that occur. There are medications that can be prescribed to help manage anxiety, but the veteran is choosing to not use medications at this time.

Schlumberger/Alonzo-Miranda 000096

15. Is the employee likely to recover sufficiently to perform all of the tasks and duties listed in the job description without accommodation or restriction? If so, when is this likely to occur?  Already answered in comments above. Additional comments:

Physician's Signature: _____ Date: _____

Physician's Name: _____

I am not a physician. I am a Licensed Clinical Social Worker and counseling psychotherapist who has worked with combat veterans suffering from PTSD for the past 6 years.

10/4/2012

Ronald P. Yates  MSW, LCSW

San Antonio Vet Center Readjustment Counseling Service

Schlumberger/Alonzo-Miranda 000097

Schlumberger Oilfield Services
10340 Fischer Rd.
Von Ormy, Texas
78073

**Schlumberger**

October 17, 2012

Juan Alonzo-Miranda
2818 N PANAM EXPY Apt 7106
San Antonio, Texas
78208

RE:   Request to Bring Dog to Work

Dear Juan:

Thank you for providing the information from your social worker, Ronald Yates, dated October 4, 2012 and received on October 10, 2012. As you know, we are trying to get a better understanding of your request to bring your dog "Goldie" to work. The information your social worker provided is generic, appearing to apply broadly to individuals with PTSD, and does not really help us understand your need to have Goldie at work under the circumstances as we understand them. The limited information the social worker provided appears to be based on information he has obtained from the Department of Veteran Affairs (VA). Further, it appears from the information the social worker provided that the use of "Goldie" was recommended by someone other than him.

For these reasons, we are asking you to provide additional clarifying medical information described below regarding your need to bring Goldie to work. We are providing you with this letter to assist you in obtaining this information. The information we request should be provided by the VA, as it appears that the health care providers there are most familiar with your PTSD and, accordingly, are likely in a better position than your social worker to give an opinion regarding your need to bring Goldie to work. Please provide the health care provider furnishing the information we request with a copy of this letter, so s/he understand the kind of information we are requesting and the reasons we are requesting it. The health care provider should indicate in his/her letter that s/he has been provided with, and has read, a copy of this letter.

We provide the following background to assist the health care provider in furnishing the information we request below. You have been employed as a Mechanic Technician with the Company since December 2010. A job description for this position is attached. Your work performance has been satisfactory. There have been no behavioral issues at work that we have needed to address with you, such as aggressive behavior, inappropriate outbursts, anxiety attacks and the like. You are required to service heavy equipment and, therefore, Goldie in most instances could not be tethered, or be in immediate vicinity, to you at work. Other than permitting you to bring Goldie to work, you have not asked the Company to provide you with any other job accommodations.

**EXHIBIT 15**

Based on the above circumstances your health care provider must render an opinion and explain, taking into account generally accepted medical principles and practice, the following:

- whether your PTSD is a disability (*i.e.*, whether the PTSD substantially limits one or more major life activities);
- how the PTSD effects your ability to perform the essential functions of your job, if at all;
- whether Goldie is required at work because of the PTSD;
- what work or task has Goldie been trained to perform (if Goldie is a pet who was then trained to assist you, the health care provider should note this as well);
- how the work or tasks Goldie performs assists you in performing your job;
- what proximity to you does Goldie need to be in order for the dog's presence to be effective for you;
- what would be the likely result if you were not permitted to bring Goldie to work, in light of the history described above of your comporting with the Company's conduct standards for nearly two (2) years without bringing Goldie to work;
- whether there are other reasonable accommodations the Company could provide, other than bringing Goldie to work, that would address your PTSD.

The health care provider furnishing the information should also feel free to share any medical information and insights s/he believes is relevant regarding your request to bring Goldie to work. Please provide this information to me as soon as possible so we can bring about the conclusion of the interactive process and make a decision concerning your request.

Sincerely,

Elizabeth Telford
Personnel Representative

Enclosure:
Job Description – Trainee Mechanic Technician

Schlumberger/Alonzo-Miranda 000101

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Juan Alonzo-Miranda | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. : 5:13-CV-01057 |
| | § | |
| Schlumberger Technology Corporation | § | |
| Defendant. | § | |

### Plaintiff's Amended Notice of Deposition of Defendant Schlumberger Technology Corporation

Please take notice that the plaintiff intends to take the oral deposition of the defendant,

Schlumberger Technology Corporation, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, before a qualified court reporter authorized to administer oaths, on August 21, 2014.

The deposition will take place at the offices of LUTRRELL VILLARREAL LAW GROUP, 400 N.

Loop 1604 E, Afton Oaks, Suite 208, San Antonio, Texas 78232 and shall begin at 10:00 a.m.,

and will continue from day to day thereafter until completed.

The topics for the deposition and the documents requested are listed on the attached

Exhibit "A."

You are invited to attend and cross-examine.

Respectfully submitted,

Marek, Griffin & Knaupp
203 N. Liberty Street
Victoria, Texas 77901
(361) 573-5500 [telephone]
(361) 573-5040 [facsimile]

By: _____
John W. Griffin, Jr.
Federal Bar No. 2228
State Bar No. 08460300

**EXHIBIT 16**

Michael J. Neuerburg
Federal Bar No. 1580044
State Bar No. 24075562

Oscar Villarreal
State Bar No. 20583900
Luttrel Villarreal Law Group
400 N. Loop 1604 E
Afton Oaks, Suite 208
San Antonio, Texas 78232

Attorney for Plaintiff

## Certificate of Service

I hereby certify that on August 15, 2014, I served the foregoing by U.S. Mail, first class and postage prepaid, on the following counsel for defendant:

William L. Davis
Jackson Lewis PC
500 N. Akard, Suite 2500
Dallas, Texas 75201

Michael J. Neuerburg

Exhibit A

The facts and circumstances surrounding Plaintiff's hiring by Schlumberger, including the application process and Schlumberger's evaluation of Plaintiff and reasons for hiring him:

1. The essential functions of Plaintiff's job
2. The time and manner in which Schlumberger became aware of Plaintiff's disability (PTSD)
3. Schlumberger's contention that accommodating Plaintiff's PTSD constituted an undue hardship to Schlumberger
4. Any suggested accommodation offered by Schlumberger at any point during Plaintiff's employment
5. Plaintiff's work performance at Schlumberger, including but not limited to any performance reviews, raises, promotions, any verbal or written counseling or warning given to Plaintiff, and any suspension of Plaintiff or other corrective action taken
6. The facts and circumstances surrounding any issues you contend Plaintiff had with absenteeism, tardiness, failing to complete work in a timely manner, failing to follow established safety rules, failing to follow timekeeping procedures, inappropriate communications with a co-worker, or falling asleep on the job.
7. Statements or allegations that Plaintiff was unstable and any investigation by Schlumberger into same
8. Statements or allegations that Plaintiff was a threat to the workplace and any investigation by Schlumberger into same
9. Any instances in which you claim Plaintiff raised his voice or acted in a confrontational manner
10. Any instances in which you claim Plaintiff violated Schlumberger rules or policies and the response by Schlumberger
11. Schlumberger's non-discrimination policies, procedures and training, including any policies, procedures and training related to compliance with the Americans with Disabilities Act
12. Schlumberger's policies and procedures regarding workplace harassment
13. The harassment complaint made against Plaintiff and Schlumberger's response to and investigation into same
14. Any instances or complaints of harassment or use of racial slurs at Schlumberger's facilities in or around San Antonio or Van Ormy, Texas, and Schlumberger's response to and investigation into same, within the last ten years
15. Plaintiff's request for accommodation, Schlumberger's evaluation of same, and Schlumberger's response
16. Schlumberger's requests for medical information from Plaintiff, including Schlumberger's reasons for requesting same and the decision-making process regarding the requests
17. Schlumberger's efforts to obtain Plaintiff's medical information, including any use of the medical authorization signed by Plaintiff (produced as Schlumberger 000049).

3

18. Schlumberger's decision-making process regarding Plaintiff's request for accommodation
19. Schlumberger's participation in the EEOC process, including the documents provided to the EEOC and any statements or representations made to the EEOC
20. Any accommodations you granted to Plaintiff and any restrictions you placed upon such accommodations
21. Schlumberger's policies and procedures related to termination of employees
22. The facts and circumstances surrounding Schlumberger's termination of Plaintiff
23. Schlumberger's reasons for terminating Plaintiff's employment and the decision-making process for said termination
24. Schlumberger's policies and procedures regarding payment of unused vacation time upon termination
25. Plaintiff's pay and benefits from his hiring by Schlumberger until his termination
26. Communications between Schlumberger and Plaintiff
27. Schlumberger's policies and procedures regarding record-keeping, including but not limited to personnel files, performance reviews, employee warning or counseling, and harassment complaints
28. Any acts of dishonesty or insubordination that you contend reflect upon Plaintiff's credibility, including the "police report" identified in response to Interrogatory No. 6
29. The knowledge possessed by the individuals listed by Schlumberger as having knowledge of relevant facts in Schlumberger's Initial Disclosures and any supplements thereto.
30. Any communication or correspondence with third parties related to Plaintiff's disability, Plaintiff's request for accommodation, Plaintiff's job performance, complaints against Plaintiff, or Plaintiff's termination

4

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Toll Free: 866-408-8075
Potential Charge Inquiries: 800-669-4000
TTY (210) 281-7610
FAX (210) 281-2522

Dallas District
San Antonio Field Office
El Paso Area Office

Charge No. 846 2012 66798

Juan Alonzo-Miranda
2818 N. Interstate 35 #7106
San Antonio, Texas 78208                                      Charging Party

Schlumberger
c/o Leigh Nichols
HR Compliance
3600 Briarpark Dr.
San Antonio, Texas 77042                                      Respondent

## DETERMINATION

I issue the following determination in the above-cited case.

Respondent is an employer within the meaning of the Americans with Disabilities Act of 1990, as amended (ADA), and timeliness and all other requirements for coverage have been met.

Charging Party alleges he was discriminated against in violation of the ADA per the following. On or about May 8, 2012, Charging Party requested a reasonable accommodation. On or about June 22, 2012, Charging Party responded to Respondent's request for additional information verifying his disability and need for the requested reasonable accommodation. After this date, Respondent continued to request additional documentation to show his disability and further explain his accommodation request. Ultimately, Charging Party was denied an accommodation.

Evidence obtained during the investigation revealed that Charging Party was diagnosed with chronic post traumatic stress disorder and has been classified as disabled based on his psychiatric impairment by the Veterans Health Administration of the U. S. Department of Veteran Affairs. Charging Party requested a reasonable accommodation on May 8, 2012. Specifically, Charging Party made a verbal request to bring his service dog to work. After Charging Party made his verbal request, Respondent requested that Charging Party have his medical provider fill out paperwork regarding Charging Party's accommodation request. Charging Party provided this information to Respondent on June 15, 2012. Evidence shows that Respondent concluded the information provided by Charging Party's doctor was not sufficient.

**EXHIBIT 17**

Charge No. 846 2012 66798
Page 2 of 2

However, a review of the evidence supports that Charging Party provided Respondent with sufficient information to act upon his request for reasonable accommodation. Following June 15, 2012, Respondent denied Charging Party a reasonable accommodation and continued to require that Charging Party provide additional information, even requesting that he see a specific provider in order to act upon his reasonable accommodation request. Charging Party provided a detailed statement from his therapist on October 10, 2012, which was also rejected by Respondent as being "too generic" regarding Charging Party's psychiatric impairment and need for an accommodation. On October 17, 2012, Charging Party was issued a letter by Respondent in which he was told that the information he had provided regarding his request for an accommodation had been insufficient, and directed him to have his treating physician answer additional questions about his need for the accommodation he was seeking.

In conclusion, the evidence supports Charging Party provided sufficient information to Respondent to support his need for a reasonable accommodation as of June 2012. Respondent failed to provide Charging Party with his request for reasonable accommodation, and continues to request unnecessary and superfluous information in order to act upon his request.

Thus, I find that Charging Party was discriminated against because of his disability in that he was and continues to be denied reasonable accommodation, in violation of the ADA.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.

The confidentiality provisions of the ADAAA and Commission Regulations apply to information obtained during conciliation. If Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform Respondent and advise Respondent of the court enforcement alternatives available to the Commission. A Commission representative will contact Respondent in the near future to begin conciliation.

On Behalf of the Commission:

11/02/2012
Date

Travis G. Hicks
Director

Schlumberger/Alonzo-Miranda
000179

  Page 1 of 2

SHEILA WARD-REYES - Work place discrimination

| | |
|---|---|
| From: | Juan Alonzo-Miranda <JAlonzo-miranda@slb.com> |
| To: | Paal Kibsgaard <pkibsgaard@slb.com> |
| Date: | 11/8/2012 1:40 AM |
| Subject: | Work place discrimination |
| CC: | "Ptbrookenovac@hotmail.com" <Ptbrookenovac@hotmail.com> |
| Attachments: | Clarifying Accommodations Form Mr. Yates VetCenter.pdf; Juan Alonzo Miranda Oct 17 Letter.pdf; Juan Alonzo-Miranda Request for Accomodation.pdf; NAM w Combat V.pdf; TADSAW Graduation Certificate.pdf; TADSAW-Article.pdf; EEOC Determination leeter pg 1.doc; EEOC Determination leeter pg 2.doc; TADSAW application pt 1.pdf; TADSAW application pt 2.pdf |

Mr. Paal Kibsgaard,

   I'm writing this email to you because a great injustice is occurring at one of your yards. I've been very patient on working with the H.R. Department on site and also the H.R. people from Sugarland. After watching the TV show Undercover Boss I got the courage to draft this email and make you aware of what's going on. I believe I should make you aware of this; as the American saying goes " Hear it straight from the Horses' mouth." I'm a Combat Veteran and spent 3 tours in Irak, I'm also currently in the TX Army National Guard and my boss is accommodating to all that.  Recently In May I asked for an accommodation at work for my Service Connected Disabilities. I have Post Traumatic Stress Disorder (PTSD). Back on May 5th the Bexar County Sherriff's Officers came to the yard and spoke with me because I had SUICIDE IDEATION and other PTSD symptoms. I was transported to the VA hospital via Ambulance from work to the hospital. My other anxiety/panic attack occurred back on October 13/14[th] since I was working night shift. I got a hold of my Team Leader and asked If I could go to the hospital due to my PTSD anxiety attack. Now I've had two panic/anxiety attacks while at work and hence, this has made me ask for an accommodation that I know is not a very common one, this being that I have a PTSD Service Dog. She (Goldie) and I have gone thru training and I provided all applicable paper work to the H.R. Department and I'm still not been able to get my accommodation met. I've been meet with nothing but run-around from the H.R. Department. I know that Service Dogs are not a common thing in our type of Industry and hence I've been meet with DISCRIMINATIO N from our company. I was hesitant to make a formal complaint with the Equal Employment Opportunity Commission (E.E.O.C.) because I wanted to handle this in-house and I did not want to cause trouble with the company and the Government. Now, the E.E.O.C. has found that SLB has been in violation I'm Including all the documents that I've turned In, I have not scanned my Department of Veterans Affairs (VA) because I have not had the chance to scan them but I'm rated at 60% VA Disability Service Connected. Over the past month, I've been contemplating SUICIDE due to all the stresses going on in my life. My daughter will be undergoing an MRI on Thursday November 8th and now, my SERVICE DOG has 3 tumors that she too needs an operation that requires $1,200. As far as my daughter, we still do not know if she will need a foot operation until after the MRI. And now according to Elizabeth Telford (H.R. Rep at the yard) she called me on October 24 told me that I was going to get only 5 additional days under Paid Administrative Leave and then I would go on UNPAID ADMINISTRATIVE LEAVE. Now I called both her office and her work cell phone to get a hold of her on Wednesday November 7th and both times I did not get a hold of her. I have only had one disciplinary action from my Maintenance Manager and that's because I was having some PTSD issues at home that I let affect me at work. I feel that I do not have the minimal support that I've requested. As I mention before, I'm on Administrative Leave according to Elizabeth until this issue gets resolved. And from what she told me, I'm not going to get any more pay until I start working again. I called the E.E.O.C. lawyer and asked him on the status on my case and he said that SLB has not responded to the finding/determination letter that I've attached to you on this email. Now my income is dwindling and the bills are starting to pile up. I need a quick resolution on this issue. I do not want to go to the media outlets here in San Antonio, Houston and other national media outlets because as I said before, I would like to handle this in-house. I feel like the H.R. Department up in Sugarland are not well aware and do not understand the accommodation of a SERVICE ANIMAL/DOG. I've had 2 incidents out here in while out with my family and both times I've called the Police and they come out to the restaurant and explain the American with Disabilities Act (A.D.A.) and I've been allowed to return to the restaurant with my SERVICE DOG. As I've told my Manager Bradley Brown, Elizabeth Telford and Leigh Nichols (via telephone conference) I've been contemplating SUICIDE for the past month and if I do go thru it, you (SLB) will be held accountable/liable since this has become a very stressing issue in my life. So I ask for help on this issue. Please Mr. Kibsgaard I am asking, begging you for some help on this. I do believe that if I go to the media this will expose SLB in a bad way. I would

Schlumberger/Alonzo-Miranda
000164

**EXHIBIT 18**

 

rather expose SLB in a positive way. I'm also willing to help and Educate the H.R. Representatives in Sugarland and help them better understand PTSD and also the use of PTSD Service Dogs. I know we are a family since most of our days are spent either at work or with our family and friends. I am not afraid to educate and make awareness possible. I'm in San Antonio and I'm willing to go to Sugarland/Houston and have a face to face on this issue. If I do not get a response by Friday, I am going to the media and expose this DISCRIMINATION. As I've included the documentation to you, I'm not hiding anything. If anything, I did not want to ask for an accommodation for fear of losing my job with you guys. But as the EEOC Determination shows that my rights are being violated and SLB is breaking the law. So once again, I thank you for your support. Please do not take this as a threat but as a heads up as to what is going on around the company. As I mentioned, I would much rather have the media do a story as to how SLB is very flexible with Veterans and allows veterans for accommodations and supports their employees rather than SLB DISCRIMINATES. I've been dealing so patiently with the H.R. Reps since May, now six (6) months later still no resolve on this issue.

A little back history for the past year. My wife had a miscarriage on Christmas Day 2011 and I went on FMLA for about 21 days. My wife was taking Narcotic drugs prescribed by the Dr and I was taking care of our kids and driving her to medical appointments and what not. Back in January 28th I had my first incident at a local restaurant and I missed a few days due to the fact that my PTSD got aggravated by that incident. Then in August I got pneumonia and I only worked 6 days the month of August since I had to go to the emergency room 4 times and I almost died of pneumonia. So my income has fluctuated and just when I was catching up on my finances something else happened. Then I was catching up and then I got sick of Pneumonia and now I'm on Administrative Unpaid Leave. So this has impacted us tremendously. I'm the only one that works as my wife is a full time homemaker. So me not working is not helping out, hence my SUICIDE IDEATION. As I mentioned before, I was even willing to compromise and I've told Elizabeth that I'm willing to bring Goldie only when I have bad PTSD symptoms or bad anxiety/panic attacks. I've told her that I'm willing to bring my own kennel so SLB will not need to spend money to build something special for my dog. All I'm asking for is authorization to bring her and I'm not hearing that from the H.R. Department.

Respectfully Submitted,

Juan M. Alonzo-Miranda

You can contact me via email: alonzomirandajm@yahoo.com or call me 210.833.4081

Schlumberger/Alonzo-Miranda
000155

# Schlumberger

November 8, 2012

Juan Alonzo-Miranda                    via Regular Mail
2818 N. IH-35,                          via email: JAlonzo-miranda@exchange.slb.com
APT 7106,
SAN ANTONIO, TX 78208

Dear Juan,

It was nice speaking with you earlier today.  As we discussed, I was asked to contact you in response to your email to Paal this morning about your request for an accommodation to bring your service dog to work.

Whenever a request comes in, such as yours, it is important to have a dialogue between Personnel, Management and the employee to get an understanding of the disability and the accommodation sought so a decision on the request can be made. These decisions are always made on a case-by-case basis with the Company seeking to accommodate reasonable requests that enable an employee to perform his or her job.

In your instance, after reviewing the information you provided to us, the Company has decided to grant your request to bring Goldie, your service dog, to work.  Although it may take a little time to manage the details of safely and properly incorporating your service dog into the work environment, please know that we are committed to doing so.  We hope to get you (with your service dog) back to work as quickly as possible.

To this end, I would like to propose a meeting between you, the local management and Personnel to work out the specifics.  We hope to have that meeting on or before Friday, November 16, 2012.

In the interim, you will return to paid administrative leave status and all time up until that point will be considered paid administrative leave.  This should assist in eliminating any financial strain you may be experiencing, and allow you to focus on getting better.  Finally, as we chatted about today, the Company strongly recommends that you take advantage of the Employee Assistance Program.

Should you have any questions about this or I can be of any more assistance please do not hesitate to let me know.

Regards,
Gaynor Richardson,
Personnel Manager - PG North America Land

**EXHIBIT 19**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio Field Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Status Line: (866) 408-8075
San Antonio Direct Dial: (210) 281-2550
TTY (210) 281-7610
FAX (210) 281-7669

Dallas District
San Antonio Field Office
El Paso Area Office

January 18, 2013

William L. Davis
Jackson Lewis LLP
Attorneys at Law
Lincoln Plaza
500 North Arkard, Suite 2500
Dallas, Texas 75201

     RE:   *Alonzo-Miranda v Schlumberger*
          Charge No. 846 2012 66798

Dear Mr. Davis:

This is to acknowledge your December 20, 2012, correspondence. I apologize for the delay in responding to your correspondence, which was due in part from my extended absence from the office. Please be advised that I have shared your correspondence with my management and legal staff.

As you are aware, the Commission determined your client violated the ADA by failing to accommodate Mr. Alonzo-Miranda. The EEOC found that your client failed to engage in an effective interactive process with Mr. Alonzo-Miranda. Rather, Mr. Alonzo-Miranda was required to provide excessive medical documentation/clarification over a period of several months, which was unnecessary and prevented him receiving his accommodation.

In your letter, you incorrectly asserted that the EEOC informed Mr. Alonzo-Miranda that he can demand a particular accommodation and that the employer must accept that proposal. The EEOC, however, did find that your client refused to provide Mr. Alonzo-Miranda a reasonable accommodation that he requested. The record shows to this date, your client did not and has not identified any other effective, alternate accommodation for Mr. Alonzo-Miranda in response to his accommodation request.

Based on the information you provided in your counter offer to conciliation, Mr. Alonzo-Miranda is being permitted to bring his service dog, Goldie, to work. However, your client has requested that Goldie remain in a kennel near Mr. Alonzo-Miranda's workspace. The Commission is not agreeable to this stipulation as a condition of conciliation.

Schlumberger/Alonzo-Miranda
000130

**EXHIBIT 20**



Page 2

Any concerns about feared misconduct/aggression by Goldie, a trained service Golden Retriever/Pit Bull mixed breed, and safety issues appear to be unfounded. As Mr. Alonzo-Miranda has informed your client, Goldie is a certified training dog through the Penny's From Heaven Foundation, Inc./Train a Dog-Save a Warrior Program. Further, the Texas Air National Guard has and continues to accommodate Mr. Alonzo-Miranda in the performance of his military service duties by allowing Goldie to be with him while he works— all the more reason to conclude that his request to be allowed to work with his service dog is reasonable.

In sum, the Commission is certainly agreeable to negotiating on other terms of conciliation, such as training and monetary relief.  However, we reiterate our position that in order to reach a successful conciliation in this matter your client must allow Mr. Alonzo-Miranda to be reasonably accommodated by having his service dog, Goldie, with him while working, and not unreasonably restrict access to him, such as requiring Goldie to be in a kennel at all times. If we cannot reach agreement on this term, we will have to conclude that conciliation of Mr. Alonzo-Miranda's claim is not possible and a Notice of Failure of Conciliation will be issued. At such point, the file would be referred to our Legal Department to consider for potential litigation. We look forward to your continued cooperation in this matter and a response by the established deadline of January 31, 2013.

Sincerely,

Sheila Ward-Reyes
Federal Investigator

**Schlumberger**

**SLP-3**

| | |
|---|---|
| **Date Prepared:** | 22 Apr 2014 |
| **Appraisal Period:** | 01 Jan 2013 - 31 Dec 2013 |
| **Name:** | Juan Alonzo-Miranda |
| **Position:** | |
| **Location:** | PPS South Texas Division |
| **Seniority Date (SLB):** | 01 Dec 2010 |
| **Date Assigned:** | 01 Dec 2010 |
| **Preparer:** | Eric Brown |
| | Mechanic Technician 2 - Field |

# Performance Appraisal
# And
# Development Plan

Schlumberger / Alonzo-Miranda
000699

**EXHIBIT 21**

**Key Performance Objectives**                    **01 Jan 2013 - 31 Dec 2013**

| | Main Objectives | Results | Comments |
|---|---|---|---|
| 1 | 1.Financial<br><br>M & S spend = GOAL  < 10.5% | Q1<br>Q2<br>Q3<br>Q4 | Employee<br><br>Manager<br>objective achieved |
| 2 | 2.Safety<br><br>TRIF reduced 15% = GOAL 4.8<br>CMS AA, AARM, reduced by 5% =<br>GOAL .21 | Q1<br>Q2<br>Q3<br>Q4 | Employee<br><br>Manager<br>objective achieved |
| 3 | 3.Shop<br><br>Complete implementation of<br>MAXIMO (all phases) by year end<br>All repairs to be completed and<br>documented on RO in MAXIMO<br>All part dispensed by parts room will<br>be accounted for on RO in MAXIMO<br>AV score card = GOAL >12 by Q2<br>and 15 by year end<br>Reduce SBF equipment down% =<br>GOAL 10%<br>Reduce SPF equipment down % =<br>GOAL 15%<br>Install all guards and shields on<br>power end/fluid ends<br>Quest up to date by year end=<br>GOAL 100%<br>Housekeeping will be conducted<br>prior to each shift change<br>(everybody)<br>Stem completion ratio=Goal >90%<br>for the year | Q1<br>Q2<br>Q3<br>Q4 | Employee<br><br>Manager<br>7 of 10 district goals achieved |
| 4 | 6.Meet Expectations<br><br>O/I and RIR submission =GOAL 24<br>O/I (2 per month) and 12 RIR (1 per<br>month)<br>Complete your job injury and<br>accident free | Q1<br>Q2<br>Q3<br>Q4 | Employee<br><br>Manager<br>objective achieved |
| 5 | | Q1<br>Q2<br>Q3<br>Q4 | Employee<br><br>Manager |
| 6 | | Q1<br>Q2<br>Q3<br>Q4 | Employee<br><br>Manager |
| 7 | | Q1<br>Q2<br>Q3<br>Q4 | Employee<br><br>Manager |
| 8 | | Q1<br>Q2<br>Q3<br>Q4 | Employee<br><br>Manager |
| | **Other Personal Objectives** | **Results** | **Comments** |
| 9 | Complete post school modules | Q1<br>Q2<br>Q3<br>Q4 | Employee<br><br>Manager<br>objective not achieved |
| 10 | Obtain first promotion to MT-1 | Q1<br>Q2 | Employee |

Schlumberger / Alonzo-Miranda
000700

**Key Performance Objectives**                    **01 Jan 2013 - 31 Dec 2013**

| | | | |
|---|---|---|---|
| | | Q3<br>Q4 | Manager<br>objective not achieved |

Schlumberger / Alonzo-Miranda<br>000701

## Performance Factors                                      Juan Alonzo-Miranda

Each of the below behaviors should be rated. For guidance on the meaning of the rating levels for each behavior factor, please refer to the on-line SLP3 documentation.

| | Development | Satisfactory | Strength | Leadership |
|---|---|---|---|---|
| **Commitment** | | | | |
| Service Focus | | X | | |
| Continuous Improvement | | X | | |
| Self-Development | X | | | |
| **Integrity** | | | | |
| Decision Making | | X | | |
| Responsibility | | X | | |
| **Teamwork** | | | | |
| Collaborating | | X | | |
| Communicating | | | X | |
| Coaching and Mentoring | | X | | |
| Diversity | | X | | |
| **Drive** | | | | |
| Creativity | | X | | |
| Initiative | | X | | |
| Adaptability | | X | | |
| Results Focus | | X | | |

Schlumberger / Alonzo-Miranda
000702

**Appraisal Summary**                                    **Juan Alonzo-Miranda**

## Overall Performance Rating

| ☐ | ☐ | ☒ | ☐ |
|---|---|---|---|
| Outstanding | Exceeds Expectations | Meeting Expectations | Development Needed |

---

**Manager Comments** (Last updated on 08 Jan 2014 by Eric Brown)

Juan always shows up on time to work with a great attitude. I would have liked to see some attempt at career progression in the form of his SCDP modules to move him to MT-1 status. Continue to work on efficiency and career progression throughout 2014. Thank you for your work in 2013 and hope this year will be successful.

---

**Reviewing Manager Comments** (Last updated on 22 Jan 2014 by Bradley Brown)

I agree with the comments above, I want to take the time to thank you for all of your hard work and dedication to the SAX Maintenance Dept. and SLB in 2013. I look forward working with you in 2014
Brad Brown
Maintenance Manager

---

**Functional Manager Comments**

---

**Additional Manager Comments**

---

Page 5