**Exhibit F:  Proposed jury instructions and verdict forms.**

Plaintiff, Juan Alonzo-Miranda, files this set of proposed jury instructions and verdict forms without waiving the right to later modify or request modification of these proposed admonitory instructions, questions and definitions, particularly as may be appropriate under subsequent Court rulings, the controlling law, and/or the evidence admitted at trial.

### Initial General Instructions[1]

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

---

[1] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS § 3.1 (2014).

## Corporate Party[2]

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## Burden of Proof[3]

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and le a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Plaintiff Juan Alonzo-Miranda has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Juan Alonzo-Miranda has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim..

## Evidence[4]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you and the facts from a preponderance of all the evidence, both direct and circumstantial.

## Witnesses[5]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

---

[2] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS § 2.16 (2014).
[3] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS §§ 3.2, 3.6 (2014).
[4] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS § 3.3 (2014).
[5] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS §§ 2.13, 3.4, 3.5 (2014).

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers were shown to you. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## ADA—Failure to Accommodate[6]

Plaintiff Juan Alonzo-Miranda claims that Defendant Schlumberger failed to reasonably accommodate Plaintiff's disability.

Defendant Schlumberger denies Plaintiff's claims.

The law requires an employer to make reasonable accommodations for an employee's disability.

To succeed in this case, Plaintiff must prove each of the following by a preponderance of the evidence:

1. Defendant Schlumberger knew of Plaintiff's PTSD;
2. Plaintiff Juan Alonzo-Miranda requested an accommodation;
3. Providing an accommodation would have been reasonable; and

---

[6] Fifth Circuit Labor and Employment Law Pattern Jury Instructions § 11.10 (2014). Plaintiff believes that the element of his disability, PTSD, is established as a matter of law.  See Dkt. Nos. 103 and 106.  If the Court believes there is a fact issue as to Plaintiff's disability, Plaintiff agrees that this instruction should include the issue of disability.

4. Defendant Schlumberger unreasonably delayed or denied a reasonable accommodation for Plaintiff's disability.

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies, the provision of qualified readers or interpreters and other similar accommodations for individuals with disabilities. There may be other reasonable accommodations.

## ADA—Discriminatory Discharge[7]

Plaintiff Juan Alonzo-Miranda also claims that Defendant Schlumberger discriminated against him because he had a disability by terminating him. Defendant Schlumberger denies Plaintiff's and contends that he was terminated because he violated Schlumberger policies. It is unlawful for an employer to discriminate against an employee because of the employee's disability. Unlawful discrimination can include terminating a qualified individual with a disability. To succeed in this case, Plaintiff must prove by a preponderance of the evidence:

1. Defendant Schlumberger knew Plaintiff Juan Alonzo-Miranda had PTSD.
2. Defendant Schlumberger terminated Plaintiff Juan Alonzo-Miranda because of his PTSD. Plaintiff does not have to prove that his PTSD was the only reason Defendant terminated him.

If you find that the reason Defendant Schlumberger has given for its terminating Plaintiff is unworthy of belief, you may, but are not required to, infer that Defendant was motivated by Plaintiff's disability.

## ADA—Damages[8]

If you found that Defendant Schlumberger violated the ADA, then you must determine whether it has caused Plaintiff Juan Alonzo-Miranda damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Juan Alonzo-Miranda has proved liability.

---

[7] FIFTH CIRCUIT LABOR AND EMPLOYMENT LAW PATTERN JURY INSTRUCTIONS §§ 11.8 and 11.1(B) (2014) . *See also, Ratliff v. City of Gainesville, Tex*., 256 F.3d 355,361 (5th Cir. 2001 and *Reeves v. Sanderson Plumbing Products,* 530 U.S. 133, 147-48, (2000). Because Plaintiff asserts that the element of disability itself is established as a matter of law, no jury question is submitted here. See Dkt. No. 103. In the event that the Court believes this to be a fact issue, then the Question found in FIFTH CIRCUIT LABOR AND EMPLOYMENT LAW PATTERN JURY INSTRUCTIONS §§ 11.8(b) should be submitted.

[8] FIFTH CIRCUIT LABOR AND EMPLOYMENT LAW PATTERN JURY INSTRUCTIONS § 11.14. and 11.1(B) (2014). *See also, Ratliff v. City of Gainesville, Tex*., 256 F.3d 355,361 (5th Cir. 2001) and *Reeves v. Sanderson Plumbing Products,* 530 U.S. 133, 147-48, (2000).

Plaintiff Juan Alonzo-Miranda must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff lost because of any denial or delay in Defendant's granting an accommodation, as well as any lost pay and benefits between the date of his termination on April 25, 2014 to the date of your verdict, minus the amount of any earnings and benefits that Plaintiff received from alternative employment during that time; (2) the amount of other damages sustained by Plaintiff Juan Alonzo-Miranda, such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Back pay includes the amounts the evidence shows Plaintiff would have earned had he been timely granted an accommodation and/or had he remained an employee of Defendant Schlumberger. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits that Defendant Schlumberger proves by a preponderance of the evidence Plaintiff received during the periods in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Juan Alonzo-Miranda for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) he engaged in the discriminatory act or practice while acting in the scope of his employment; and (3) he acted with malice or reckless indifference to Plaintiff's federally protected right to be free from discrimination.

If Plaintiff Juan Alonzo-Miranda has proved these facts, then you may award punitive damages, unless Defendant Schlumberger proves by a preponderance of the evidence that the conduct was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether Jean-Remy Bellanger and/or Elizabeth Telford were supervisors or managers for Defendant Schlumberger, you should consider the type of authority they had over Plaintiff and the type of authority for employment decisions Defendant Schlumberger authorized Jean-Remy Bellanger and/or Elizabeth Telford to make.

An action is in "reckless indifference" to Plaintiff Juan Alonzo-Miranda's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant Schlumberger engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant Schlumberger made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted anti-discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant Schlumberger acted with malice or reckless indifference to Plaintiff's rights, then in addition to any other damages you find Plaintiff Juan Alonzo-Miranda is entitled to receive, you may, but are not required to, award Plaintiff an additional amount as punitive damages for the purposes of punishing the Defendant Schlumberger for engaging in such wrongful conduct and deterring Defendant Schlumberger and others from engaging in such conduct in the future. You should presume that Plaintiff has been made whole for his injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:
    1. How reprehensible Defendant Schlumberger's conduct was. You may consider whether the harm Plaintiff Juan Alonzo-Miranda suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant Schlumberger's conduct that harmed Plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff;
    2. How much harm Defendant Schlumberger's wrongful conduct caused Plaintiff Juan Alonzo-Miranda and could cause him in the future; and
    3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant Schlumberger's financial condition, to punish Defendant Schlumberger for its conduct toward Plaintiff Juan Alonzo-Miranda and to deter Defendant Schlumberger and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff.

### Duty to Deliberate[9]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine

---

[9] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS § 3.7 (2014).

your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations

# JURY QUESTIONS

### Failure to Accommodate

**Question No. 1**

Did Defendant Schlumberger fail to reasonably accommodate Plaintiff Juan Alonzo-Miranda's PTSD within a reasonable time?

Answer:  Yes_____     or No_____

### Discriminatory Discharge

**Question No. 2**

Has Plaintiff Juan Alonzo-Miranda proved that Defendant Schlumberger terminated Plaintiff because of his PTSD?

Answer:  Yes_____     or No_____

If you answered "Yes" to Question No. 1 or Question No. 2, then answer the following questions:

### Damages

**Question No. 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Juan Alonzo-Miranda for the damages, if any, you have found Defendant Schlumberger caused him?

Answer in dollars and cents for the following items and none other:

a. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

  $_____

b. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

  $_____

If you answered "Yes" to Question No. 1:
c. Wages and benefits lost due to the delay and/or denial of a reasonable accommodation.

   $_____

If you answered "Yes" to Question No. 2:
d. Wages and benefits from April 25, 2014 to the present.

   $_____

If you answered "Yes" to Question No. 2, then answer Question No. 4:
**Question No. 4**

  Do you find that Defendant has proved that Plaintiff Juan Alonzo-Miranda failed to reduce his damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of his termination?

Answer:  Yes_____   or No_____

If you answered "Yes" to Question No. 4, then answer the following question:
**Question No. 5**

  How much would Plaintiff Juan Alonzo-Miranda have earned had he exercised reasonable diligence under the circumstances to minimize his damages? Answer in dollars and cents, if any.

   $_____

If you answered "Yes" to Question No. 1 or Question No. 2, then answer the following question:
**Question No. 6**

  Do you find that Plaintiff Juan Alonzo-Miranda should be awarded punitive damages?

Answer:  Yes_____   or No_____

If you answered "Yes" to Question No. 6, then answer the following question:
**Question No. 7**

  What sum of money should be assessed against Defendant Schlumberger as punitive damages? Answer in dollars and cents:

   $_____