UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Juan Alonzo-Miranda | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. : 5:13-CV-01057-RCL |
| | § | |
| Schlumberger Technology Corporation | § | |
|     Defendant. | § | |

**PLAINTIFF'S MOTION IN LIMINE**

The plaintiff, Juan Alonzo-Miranda, requests that the Court enter an order prior to the voir dire examination of the jury panel that opposing counsel and, through opposing counsel, any and all witnesses called on behalf of the opposing party, be instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary evidence, concerning any one or more of the matters set forth in this motion.

Plaintiff also asks the Court to order that, if opposing counsel wishes to propose a theory of admissibility concerning these matters, he first request a ruling from the court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause.

## I. The Purpose of the Motion in Limine

The matters set out below would be inadmissible in evidence for any purpose on proper and timely objection in that they have no bearing on the issues in this case or the rights of the parties to this suit, or even if relevant, the evidence would confuse the jury or be unfairly prejudicial to the plaintiff. Permitting interrogation of witnesses, comments to jurors or to prospective jurors, or offers of evidence concerning any of the matters set forth below would unfairly prejudice the plaintiff and/or confuse the jury. Further, even were the Court to sustain

objections to such questions, statements, or evidence introduced by counsel or witnesses, that alone will not prevent prejudice, but will instead reinforce the development of questionable evidence.

**II.     The following matters would not be admissible for any purpose in the cause:**

### Expert Testimony

1. Plaintiff renews his objections and motion to strike the declaration and testimony of Seth Silverman, M.D. as untimely and unreliable, and incorporates his filings on the issue, Docket Numbers 78 and 92 by reference.[1]  F.R.E. 403 and 702.

### Other Witness Testimony

2. Any reference or suggestion that there are other witnesses the defendant could have or wished to call to the stand but the Court would not allow it to do so.  Defendant's counsel and their witnesses should be instructed not to suggest to the jury, by argument or otherwise, that other witnesses would have been called or what such witnesses would have said. Any such reference would be inadmissible as unfairly prejudicial. FRE 403.

3. References that, as to any witnesses available to both parties or under the control of the VA, the plaintiff did not call particular people to the witness stand to testify.  FRE 401, 403.

### Evidence of Good Character of Schlumberger

4. Any generalized references or suggestions that Schlumberger has employed or attempted to employ veterans or individuals with disabilities, or that they generally treat veterans or people with disabilities in a fair manner. This evidence could only be confusing and highly prejudicial pursuant to F.R.E. 401 and 403.

---

[1] Plaintiff's motion to strike and exclude Dr. Silverman and reply in support, Dkt. Nos. 78 and 92, have not yet been ruled upon.

**Evidence Trying to Impugn Mr. Alonzo-Miranda's Good Character**

5. Explanations or reasons for Defendant's delay in granting an accommodation or its eventual approval of the request that were not disclosed during discovery.  This was inquired about under Rule 30(b)(6) and in written discovery to Schlumberger.  Any attempt to ambush the Plaintiff with new explanations would violate the Rules, is not relevant, would confuse the jury, and would be highly prejudicial.  Fed. R. Civ. P. 30(b)(6) and 33, F.R.E. 401 and 403.  With regard to Plaintiff's claim of failure to accommodate, this request includes, but is not limited to, any reference to any complaints about Plaintiff's job performance or any discipline of Plaintiff, any reference to prior or outside employment, any reference to medical records or statements which Schlumberger did not consider at the time and subsequently disclaimed, and any reference to Plaintiff's termination.  All of this was inquired about in discovery and Defendant should be limited to its responses.

6. Any mention or reference to collateral issues for the purposes of impeachment, or to impugn Plaintiff's character or honesty.  Such references are not relevant, would tend to confuse the jury, and would be highly prejudicial.   F.R.E. 401 and 403.  Litigants are "entitled to introduce extrinsic evidence to contradict a witness' testimony on matters that are material to the merits of the case…[t]here is no right to impeach a witness with respect to collateral or irrelevant matters, however." *Jones v. S. Pac. R.R.*, 962 F.2d 447, 450 (5th Cir. 1992); see also *West v. Drury Co.*, 412 Fed. Appx. 663, 671 (5th Cir. 2011).  This request includes, but is not limited to, reference to child support or children out of wedlock, reference to missed or rescheduled medical appointments, reference to Plaintiff's application for a concealed handgun license, any reference to Plaintiff's requests that his service dog be accommodated at restaurants, reference to medical

issues unrelated to PTSD, any reference that Plaintiff did not disclose his PTSD to a medical provider unrelated to mental health, any reference to statements or documents regarding employment outside of Schlumberger, or any reference suggesting that Plaintiff is unstable or dangerous because he confronted a dangerous driver or attempted to stop a robbery in progress.

7.  With regard to Plaintiff's request for accommodation, any reference to matters or issues on or after November 1, 2013, when his service dog began cancer treatment.  Plaintiff seeks no damages for the failure to accommodate after that date.  F.R.E. 401 and 403.

### Prior Claims or Legal Proceedings

8.  Any reference that Mr. Alonzo-Miranda is or has ever been involved in any other grievance, claim or lawsuit or has settled any claim, including the amount of such settlement, because any such lawsuit or claim is unrelated to the subject of the present action, is irrelevant to the issues of this case and is highly prejudicial to Mr. Alonzo-Miranda. F.R.E. 401 and 403.

9. Any mention or reference that Mr. Alonzo-Miranda is, or may be, claims-minded or litigious. Any question or statement asking Plaintiff if either he has ever claimed, testified, or given a deposition (in any matter other than the present matter) or any language that will indicate to the jury that there has ever been a previous claim, lawsuit or lawyers hired, or depositions or testimony in any previous case or claim. F.R.E. 401 and 403.

### Attempts to Reopen the Issue of Plaintiff's Disability, PTSD

10.  Any reference disputing or attempting to reopen the issue of Plaintiff's disability, PTSD.  Plaintiff requested summary judgment on the issue of his disability, PTSD and provided Rule 56 evidence in support.  Dkt. No. 48.  Defendant did not dispute this issue and the Court accordingly held on summary judgment that there was no issue of fact regarding Plaintiff's

disability. Dkt. Nos. 103, 106. Defendant made no objection to this holding. Any reference disputing or attempting to reopen the issue of Plaintiff's disability, PTSD, is therefore irrelevant to the issues remaining in this suit and would be highly prejudicial to Mr. Alonzo-Miranda. F.R.E. 401 and 403. This includes, but is not limited to, any reference to medical records pre-dating Plaintiff's employment with Schlumberger.

### Plaintiff's Earnings and Benefits

11. Any mention or reference to Mr. Alonzo-Miranda's income tax returns. Such references would be invasive of Plaintiff's privacy, likely to confuse the jury, and prejudicial. F.R.E. 401 and 403.

### Fact of Existence of Motion in Limine

12. That this Motion in Limine has been filed or any ruling by the Court in response to this Motion in Limine, suggesting or inferring to the jury that Mr. Alonzo-Miranda has moved to prohibit certain matters from being heard by the jurors, or that the Court has excluded certain matters from the hearing of the jury. F.R.E. 401, 403.

### Damages and Attorneys, Including Their Fees

13. References to the time or circumstances under which the plaintiff employed her attorneys, including the fee arrangement between the plaintiff and his lawyers. Because the attorneys' fees, if any, to which the plaintiff may be entitled should she prevail in this litigation are handled in a separate hearing after the completion of the trial, the fee arrangement between the plaintiff and her lawyers has absolutely no relevance to this litigation. Further, because this matter is irrelevant to this case for any other purpose, such a reference could be offered for no reason other than to inflame or prejudice the jury. FRE 401, 403.

14. Reference to the fact that Mr. Alonzo-Miranda's attorneys are from outside San Antonio, as such would be offered only for an improper purpose – to prejudice the jury against him. FRE 401 and 403.

### Unpled or Disclaimed Defenses

15. Any reference to any affirmative defenses that were not pled in this case, or that were disclaimed by Schlumberger's representative, including but not limited to undue hardship, business necessity, and after-acquired evidence. FRE 401 and 403.

### Undisclosed Evidence and Requests of Counsel

16. Any mention or introduction of evidence to justify Defendant's treatment of Mr. Alonzo-Miranda which was not in the possession of the defendant at the time the decision was made. The defendant has not pled the affirmative defense of after acquired evidence. In any event, this evidence was not relied upon in its decisions regarding Mr. Alonzo-Miranda. FRE 401 and 403. Specifically, Defendant has stated to Plaintiff that it intends to offer medical records that Defendant, despite possessing a medical authorization from Plaintiff, did not seek at the time it considered his request for accommodation and never reviewed until litigation.

17. Requesting counsel for plaintiff to stipulate to evidence, produce evidence or documents in their file or in the plaintiff's possession while the jury is present, or any attempt to address questions to plaintiff's counsel in front of the jury. FRE 401 and 403.

### Suggestions That Evidence Was Hidden in Litigation

18. Any mention or suggestion that evidence was concealed or withheld in this litigation, or any speculation as to the contents of records available to but not obtained by either party. All motions to compel, on both sides, were resolved to the satisfaction of both parties. Any

reference to the subjects of such motions could be offered for no reason but to inflame or prejudice the jury.  FRE 401 and 403.

                                                   Respectfully submitted,

                                                   ***/s/ John W. Griffin, Jr.***
                                                   John W. Griffin, Jr.
                                                   Texas Bar No. 08460300
                                                   203 North Liberty Street
                                                   Victoria, Texas  77901
                                                   (361) 573-5500 – Telephone
                                                   (361) 573-5040 – Telecopier

                                                   Counsel for the Plaintiff

**CERTIFICATE OF CONFERRAL**

I certify that John Griffin and Michael Neuerburg, attorneys for the plaintiff, conferred by telephone with William Davis, attorney for the defendant on the topic of the parties' motions in limine on January 5, 2015 but that no agreement could be reached.

                 **s/John W. Griffin, Jr.**
                 John W. Griffin, Jr.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been served upon the defendant via the electronic filing system of the United States District Court for the Western District of Texas on February 20, 2015.

**William L. Davis**
davisw@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201

                 **s/John W. Griffin, Jr.**
                 John W. Griffin, Jr.