IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS -
SAN ANTONIO DIVISION

**FILED**

MAR 1 3 2015

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____M·A_____
DEPUTY

JUAN ALONZO-MIRANDA          )
                             )
                             )
         Plaintiff,          )
                             )
      v.                     )          Civil Case No.  5:13-CV-01057
                             )
SCHLUMBERGER TECHNOLOGY      )
CORPORATION,                 )
                             )
         Defendant.          )
                             )
                             )
_____)

## PRETRIAL ORDER

For the reasons stated in open court at the initial pretrial Conference on March 6, 2015,

plaintiff's motion [116] for clarification is DENIED. Summary judgment was entered against

plaintiff on the wrongful discharge and retaliation claims, and those claims were dismissed by

Judge Garcia on December 15, 2014. Plaintiff's motion [107] to reconsider was denied on

December 29, 2014 [109]. The clarification motion is just another effort to get the Court to yet

again reconsider its summary judgment ruling. A motion under Federal Rule of Civil Procedure

59(e) "is discretionary and need not be granted unless the district court finds that there is an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.

1996).

The legal error now alleged by plaintiff was previously brought to the Court's attention

when the plaintiff asked that the Magistrate Report's conclusion on that issue be rejected.

However, the Court upheld the summary judgment grant on a different basis: that plaintiff was

terminated for poor behavior, not his disability. While this basis was not argued, plaintiff put significant evidence of his poor conduct into the summary judgment record, and the Court thus relied on it in its de novo review to find that the argument in plaintiff's objection to the magistrate's ruling was groundless.

Thus, plaintiff has not presented an intervening change of controlling law, new evidence, clear error of this Court, or manifest injustice that would result from its prior order. Simply put, plaintiff's motion for clarification is an improper attempt "to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

Upon consideration of defendant's motion [39] to exclude Bart Sherwood as a witness and to strike his report and testimony, the response thereto [52], the defendant's appendix [135] in support of its motion, and plaintiff's response [137] thereto, defendant's motion to exclude Sherwood and strike his report is DENIED. Plaintiff's motion to strike is also DENIED. Sherwood may properly testify as to how service dogs are helpful to those with PTSD—in his experience—and to how such dogs are trained and certified. He will not be allowed to express any medical opinions, or to testify as to legal requirements, or to give any legal opinions. But his experience in how service dogs observe and intervene with patients, as well as the training that dogs and patients receive in order to be successful, might well assist the jury's understanding of the issue here.

Upon consideration of plaintiff's motion [95], filed under seal, to strike declaration and to exclude trial testimony of Seth Silverman, MD, the defendant was undecided at the initial pretrial hearing as to whether it would still seek to call this witness. This issue will be resolved at the continued pretrial conference on March 13, 2015.

As to plaintiff's motion [121] in limine, the Court rules as follows:

2

1. This issue is fully covered by plaintiff's motion [95] to strike, on which the Court has not yet ruled.

2. GRANTED, the parties agree to this standard request.

3. GRANTED, the parties agree to this standard request.

4. DENIED. References or suggestions that Schlumberger has employed or attempted to employ veterans or individuals with disabilities is relevant to the question of whether Schlumberger discriminated against the plaintiff for his PTSD and is in not properly characterized as "good character" evidence in this context. Defendant is not precluded from offering evidence regarding its employment of or accommodation of veterans.

5. DENIED; However, if evidence that was not produced in discovery is to be used, the Court shall be advised at the bench in advance.

6. GRANTED IN PART. Plaintiff again attempts to characterize relevant information as "character" evidence. Litigants are entitled to introduce extrinsic evidence to contradict a witness' testimony on matters that are material to the merits of the case. However, there is no right to impeach a witness with respect to collateral or irrelevant matters. As such, evidence will be admitted and denied as follows.

(1) The marginal relevance of plaintiff's child support obligations or children out of wedlock is outweighed by its highly prejudicial effect. Such evidence will not be admitted.

(2) Evidence about whether plaintiff attended his medical appointments and in a timely fashion is material and admissible.

(3) Plaintiff's application for a concealed handgun license is relevant. Defendant claims that during the application process, plaintiff had to answer questions regarding whether

3

he had received treatment for psychiatric issues which are at odds with the records he wants to use as evidence in this case. Because a diagnosis of PTSD relies on the truthfulness of a patient, this may raise credibility issues.

(4) Evidence of plaintiff's requests that his service dog accompany him to restaurants is admissible.

(5) Medical issues that are clearly unrelated to plaintiff's PTSD are not admissible—and defendant does not dispute this.

(6) Plaintiffs failure to disclose his PTSD to medical providers when asked about psychological issues is admissible.

(7) Evidence relating to plaintiff's prior work experiences, including his job performance and use or non-use of a service dog, is admissible.

(8) Evidence relating to plaintiff's confrontation with a dangerous driver is admissible.

7. DEFERRED.

8. GRANTED in part. Any reference of prior grievances, claims, or lawsuits unrelated to the present action is irrelevant and highly prejudicial. However, to the extent that such a suit or claim *is* related to the present action (for example, if plaintiff pursued demands against a restaurant in which he claimed the restaurant caused him to miss work *at the same time* he claims defendant caused him to miss work), that evidence is admissible.

9. GRANTED.

10. DENIED. Defendant is entitled to dispute the issue of plaintiff's disability as it is highly relevant to this case. At the summary judgment stage, the primary question is whether there exists a genuine issue of material facts as to the elements of a party's claim. Although plaintiff

presented enough evidence to survive summary judgment—and defendant did not dispute it at that stage— the plaintiff still has the burden to establish a prima facie case at trial.

11.- 15. GRANTED, the parties agree to these requests.

16. DENIED. The medical opinions of plaintiff's psychologist and psychiatrist are highly relevant to whether having the dog at work was a reasonable accommodation.

17. GRANTED.

18. GRANTED. The parties agree that there should be no suggestion that evidence was concealed or withheld in this litigation to the jury.

As to defendants' motion [130] in limine, the Court rules as follows:

1. GRANTED Because the termination claim is no longer a part of this case, and the parties agree that these matters are not relevant to plaintiff's failure to accommodate claim.

2. GRANTED.

3. DENIED. The biases of one who neither makes nor influences the challenged personnel decisions are not probative in an employment discrimination case. However, because this witness was designated as the Rule 30(b)(6) witness, it is very probable that he would have influence over such a decision.

4. GRANTED because the termination claim is no longer a part of this case, and the parties agree that these matters are not relevant to plaintiff's failure to accommodate claim.

5. GRANTED because the termination claim is no longer a part of this case, and the parties agree that these matters are not relevant to plaintiff's failure to accommodate claim.

6. GRANTED because the termination claim is no longer a part of this case, and the parties agree that these matters are not relevant to plaintiff's failure to accommodate claim.

7. GRANTED. The prejudicial impact of evidence of a different type of discrimination outweighs its probative value.

8. DENIED. It is a fact question for the jury whether the restrictions Schlumberger placed on its use of plaintiff's service dog were reasonable or not.

9. DEFERRED.

10. GRANTED. Plaintiff's testimony regarding what doctors, counsellors, psychiatrists or psychologists told him is hearsay and not admissible.

11. DENIED. Plaintiff may give testimony regarding an alleged diagnosis of PTSD. If there are no records of such a diagnosis, defendants are free to raise this issue at trial.

12. DENIED. Under Fifth Circuit precedent, EEOC determinations and findings of fact, although not binding on the trier of fact, are admissible as evidence in civil proceedings as probative of a claim of employment discrimination at issue in the civil proceedings. Defendants argue that plaintiff hid from the EEOC the fact that his psychologist and his psychiatrist both would not support the proposed accommodation of bringing the dog to work, thus indicating a lack of trustworthiness: they are free to argue this to the jury. The Court finds that the probative evidence is not substantially outweighed by the danger of unfair prejudice.

13-23. GRANTED: similarly applicable to both parties.

24. GRANTED to the extent that this motion seeks the application of the standard rules of hearsay.

25. GRANTED to the extent that this motion seeks the application of Federal Rule of Evidence 608(a). Beyond that, it is denied.

26. DENIED. Assertions relating to the quality of defendant's personnel policies may be relevant to whether defendant acted with malice or reckless indifference to plaintiff's federally protected rights and whether defendant made good-faith efforts to prevent discrimination in the workplace.

27. GRANTED: similarly applicable to both parties.

28. DENIED. Plaintiffs may submit photo or testimonial evidence of the presence of dogs at other Schlumberger facilities. Defendants are free to argue at trial that decision-makers were unaware of the presence of such dogs.

29. DENIED. Plaintiffs may submit evidence of alleged vandalism of plaintiff's property without proof of who did it where it is unclear that the motivation was related to plaintiff's PTSD. It is up to the jury to decide whether this is evidence of discrimination due to plaintiff's PTSD.

30. GRANTED: similarly applicable to both parties.

It is **SO ORDERED** this 13th day of March 2015.

ROYCE C. LAMBERTH
United States District Judge