UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
MAR 1 9 2015
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____M.H._____
DEPUTY

| | |
|---|---|
| JUAN ALONZO-MIRANDA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil No. 5:13-1057 (RCL) |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

*Let this be filed.*
*Royce C. Lamberth*
*U.S.D.J.  3/19/15*

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute

the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Plaintiff Juan Alonzo-Miranda has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Juan Alonzo-Miranda has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence.

Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Plaintiff Juan Alonzo-Miranda claims that Defendant Schlumberger Technology Corporation failed to reasonably accommodate Juan Alonzo-Miranda's alleged disability.

Defendant Schlumberger Technology Corporation denies Plaintiff Juan Alonzo-Miranda's claims and contends that allowing Plaintiff Juan Alonzo-Miranda to bring his dog to work was not a reasonable accommodation for his posttraumatic stress disorder (or PTSD), that Plaintiff Juan Alonzo-Miranda failed to cooperate in the interactive process, and that it ultimately allowed Plaintiff Juan Alonzo-Miranda to bring his dog to work.

The law requires an employer to make reasonable accommodations for an employee's disability. I instruct you that the Court has determined that Plaintiff Juan Alonzo-Miranda has PTSD. To succeed in this case, Plaintiff Juan Alonzo-Miranda must prove each of the following elements by a preponderance of the evidence:

1. Such PTSD substantially limited a major life activity of Plaintiff Juan Alonzo-Miranda;

2. Defendant Schlumberger Technology Corporation knew of Plaintiff Juan Alonzo-Miranda's PTSD;

> 3. Plaintiff Juan Alonzo-Miranda requested an accommodation;
>
> 4. Providing an accommodation would have been reasonable; and
>
> 5. Defendant Schlumberger Technology Corporation failed to provide a reasonable accommodation.

"Major life activities" include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. A "major life activity" also includes the operation of a major bodily function, including but not limited to the immune system, cell growth, digestion, elimination (bowel and bladder), the nervous system, the brain, the respiratory system, circulation, the endocrine system, and the reproductive system.

A "disability" is a physical or mental impairment that substantially limits one or more major life activities.

In determining whether Plaintiff Juan Alonzo-Miranda's impairment substantially limits his ability to work, you should compare his ability to work with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment.

An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active. Whether an impairment substantially limits a major life activity is determined without regard to the ameliorative effects of such mitigating measures as: (1) medication, medical supplies, equipment, or appliances, low-vision devices (which do not include ordinary eyeglasses or contact lenses), prosthetics including limbs and devices, hearing

aids and cochlear implants or other implantable hearing devices, mobility devices, or oxygen therapy equipment and supplies; (2) use of assistive technology; (3) reasonable accommodations or auxiliary aids or services (e.g., interpreters, readers, or acquisition or modification of devices); or (4) learned behavioral or adaptive neurological modifications.

The term "accommodation" means making modifications to the work place that allow a person with a disability to perform the essential functions of the job, to attain the level of performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees who are not disabled.

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies, the provision of qualified readers or interpreters and other similar accommodations for individuals with disabilities. There may be other reasonable accommodations.

Before an employer must make an accommodation for an individual's physical or mental condition, the employer must know that such a condition exists. It is generally the individual's responsibility to request a reasonable accommodation. Once an individual has made such a request, the ADA and its implementing regulations require that the parties engage in an "interactive process" to determine what precise accommodations are necessary. The employer

and the individual must work together in good faith to help each other determine what accommodation is necessary.

If Plaintiff Juan Alonzo-Miranda has proved his claim against Defendant Schlumberger Technology Corporation by a preponderance of the evidence, you must determine the damages to which Plaintiff Juan Alonzo-Miranda is entitled.  You should not interpret the fact that I am giving instructions about Plaintiff Juan Alonzo-Miranda's damages as an indication in any way that I believe that Plaintiff Juan Alonzo-Miranda should, or should not, win this case.  It is your task first to decide whether Defendant Schlumberger Technology Corporation is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Schlumberger Technology Corporation is liable and that Plaintiff Juan Alonzo-Miranda is entitled to recover money from Defendant Schlumberger Technology Corporation.

If you found that Defendant Schlumberger Technology Corporation violated the ADA, then you must determine whether it has caused Plaintiff Juan Alonzo-Miranda damages and, if so, you must determine the amount of those damages.  You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Juan Alonzo-Miranda has proved liability.

Plaintiff Juan Alonzo-Miranda must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not on speculation or guesswork.  On the other hand, Plaintiff Juan Alonzo-Miranda need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of overtime pay Plaintiff Juan Alonzo-Miranda would have earned if he had been allowed to bring his dog to work between October 18, 2012 and December 3, 2012, minus what he actually earned; (2) the amount of other damages sustained by Plaintiff Juan Alonzo-Miranda, such as mental anguish.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Juan Alonzo-Miranda for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Juan Alonzo-Miranda proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) he or she engaged in the discriminatory act or practice while acting in the scope of his or her employment; and (3) he or she acted with malice or reckless indifference to Plaintiff Juan Alonzo-Miranda's federally protected right to be free from discrimination.

If Plaintiff Juan Alonzo-Miranda has proved these facts, then you may award punitive damages, unless Defendant Schlumberger Technology Corporation proves by a preponderance of the evidence that the act was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether the persons who interacted with Plaintiff Juan Alonzo-Miranda regarding his accommodation request were supervisors or managers for Defendant Schlumberger Technology Corporation, you should consider the type of authority the persons had over Plaintiff Juan Alonzo-Miranda and the type of authority for employment decisions Defendant Schlumberger Technology Corporation authorized the persons to make.

An action is in "reckless indifference" to Plaintiff Juan Alonzo-Miranda's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Juan Alonzo-Miranda is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant Schlumberger Technology Corporation engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant Schlumberger Technology Corporation made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted antidiscrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Juan Alonzo-Miranda's request for a workplace accommodation, and how it responded to requests for workplace accommodations.

If you find that Defendant Schlumberger Technology Corporation acted with malice or reckless indifference to Plaintiff Juan Alonzo-Miranda's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Juan Alonzo-Miranda is entitled to receive, you may, but are not required to, award Plaintiff Juan Alonzo-Miranda an additional amount as punitive damages for the purposes of punishing the Defendant Schlumberger Technology Corporation for engaging in such wrongful

conduct and deterring Defendant Schlumberger Technology Corporation and others from engaging in such conduct in the future. You should presume that Plaintiff Juan Alonzo-Miranda has been made whole for his injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant Schlumberger Technology Corporation's conduct was. You may consider whether the harm Plaintiff Juan Alonzo-Miranda suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant Schlumberger Technology Corporation's conduct that harmed Plaintiff Juan Alonzo-Miranda also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Juan Alonzo-Miranda.

2. How much harm Defendant Schlumberger Technology Corporation's wrongful conduct caused Plaintiff Juan Alonzo-Miranda.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant Schlumberger Technology Corporation's financial condition, to punish Defendant Schlumberger Technology Corporation for its conduct toward Plaintiff Juan Alonzo-Miranda and to deter Defendant Schlumberger Technology Corporation and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Juan Alonzo-Miranda.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were

wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Date 3/19/15

/s/ Royce C. Lamberth
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| JUAN ALONZO-MIRANDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 5:13-1057 (RCL) |
| | ) | |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## VERDICT FORM

**Question No. 1**

Did Defendant Schlumberger fail to reasonably accommodate Plaintiff Juan Alonzo-Miranda's disability?

Answer: Yes_____ or No_____

If you answered "Yes" to Question No. 1, then answer the following questions:

**Question No. 2**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Juan Alonzo-Miranda for the damages, if any, you have found Defendant Schlumberger caused him?

Answer in dollars and cents:

a. Overtime wages lost due to the failure to reasonably accommodate.

   $_____

b. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $_____

**Question No. 3**

Do you find that Plaintiff Juan Alonzo-Miranda should be awarded punitive damages?

Answer:  Yes_____   or No_____

If you answered "Yes" to Question No. 3, then answer the following question:

**Question No. 4**

What sum of money should be assessed against Defendant Schlumberger as punitive damages?

Answer in dollars and cents:

$_____

_____            _____
Date                                                                Jury Foreperson