UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JUAN ALONZO-MIRANDA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 5:13-cv-1057 |
| ) | |
| SCHLUMBERGER TECHNOLOGY CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

In this case, the jury found that the defendant failed to reasonably accommodate Alonzo-Miranda for his Post-Traumatic Stress Disorder under the Americans with Disabilities Act. ECF No. 158. The jury awarded lost overtime wages of $5,385.50 and general compensatory damages of $23,205. *Id.* Plaintiff Juan Alonzo-Miranda subsequently moved this Court for an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(k)), Fed. R. Civ. P. 54(d), and Local Rule CV-7(j).

## I.   ATTORNEY'S FEES

The Supreme Court has established a "strong presumption" that the lodestar figure—the figure reached by multiplying the number of hours reasonably expended by a reasonable hourly rate—represents a reasonable attorney's fee. *Perdue v. Kenney A.*, 559 U.S. 542, 553-54 (2010). In *Perdue*, the Supreme Court contrasted the lodestar method with the method set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), which listed 12 factors

that a court should consider in determining a reasonable fee.[1] The *Perdue* Court clearly indicated a preference for the lodestar method over the Fifth Circuit's factors. The Fifth Circuit has subsequently treated the *Johnson* factors as a complement to the lodestar method. *See, e.g., Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 388 n.17 (5th Cir. 2013) ("There is a strong presumption that the lodestar amount is a reasonable fee, although a court may decrease or enhance it based on the factors established in *Johnson*."); *Black v. SettlePou P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) "[A]fter calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in *Johnson*."). Both parties agree, and have briefed the issue accordingly.

Alzono-Miranda's lawyers have presented the Court with a clear and well-organized motion for fees. They also have the burden of showing that they have exercised billing judgment to exclude any hours that, even though contemporaneously recorded, they would not have charged to Alonzo-Miranda if he were paying the bill. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). They note the various instances in which they reduced their billing: For example, they only billed one-half of the non-working hours they spent traveling. They have also explained several small inconsistencies apparent in the records.

### A. Hours Worked

Schlumberger claims that Alonzo-Miranda performed too much work and spent excessive amounts of time on it, and they specifically attack various billing records.

1. Termination Claim

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficult of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time involved and the results obtained; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19 The sixth factor was overruled in *Rutherford v. Harris Cty.*, 197 F.3d 173, 193 (5th Cir. 1999).

At the crux of many of these disagreements is the extent to which—if at all—Alonzo-Miranda may recover for work performed in furtherance of his termination claim. After Alonzo-Miranda was discharged in April, 2014, he amended his complaint to add a termination claim. The Court subsequently granted Schlumberger summary judgment on that claim. Schlumberger argues:

> Since Plaintiff did, in fact, do what he was accused of doing prior to his termination—send an offensive text containing the "N word" and "KKK"—limited to no discovery was needed regarding that issue. Further, the focus of Plaintiff's discovery was on other employees in multiple locations as Plaintiff was looking for a "they did it too" needle in a haystack. Plaintiff asked for, filed a motion to compel to get, threatened sanctions over, and ultimately received over 1,300 pages of records relating to other employees who had nothing to do with the failure to accommodate claim.

Def.'s Opp'n 15.

> The Supreme Court directs the district courts how to approach such a situation:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Hensley*, 461 U.S. at 440. Where the plaintiff's claims involve a common core of facts or are based on related legal theories, it may be "difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 435. In that instance, the district court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

The Court agrees with Alonzo-Miranda that the two claims were related and not "distinct in all respects." To some extent, the claims share a common feature: Schlumberger's animus. As such, much of the work performed by Alonzo-Miranda is not completely divisible. For example, Schlumberger contests Alonzo-Miranda's request for discovery work mostly relevant to the

termination claim. However, had Alonzo-Miranda discovered—while technically pursuing his termination claim—that he was treated less favorably than employees without PTSD, surely this fact would have been relevant to his accommodation claim. Similarly, the Court will not parse the depositions of Alonzo-Miranda and Bellanger, as both were highly relevant and important to both claims. These hours—denoted as "Discovery" in Exhibit 3—are fully compensable.

Still, some work solely related to the termination claim, which was distinct in many respects, very vigorously advocated, and ultimately failed. While Alonzo-Miranda agrees that a 25% reduction would be appropriate, as reflected in his petition, the Court finds that a 50% reduction is more appropriate. Alonzo-Miranda has clearly marked the activities pertaining solely to the termination claim, and the Court agrees with his characterizations. The Court will reduce the hours by 50%, a reduction of 47.45 hours.

## 2. Other Unnecessary Work

The Court finds that ten hours for a seven-page complaint and twelve hours for a "basic set of interrogatories, requests for admissions, and requests for production" is reasonable, especially in light of supporting declarations that the time claimed for compensation was reasonably necessary for representing Alonzo-Miranda in this litigation.

The Court also finds that the time spent on discovery disputes over medical records and the concealed handgun license was reasonable, as this evidence was at the crux of this case, hotly contested, and eventually compromises were reached. Similarly, the work relating to Dr. Silverman was reasonable: This is not the appropriate time to raise grievances about alleged discovery abuses, and although Alonzo-Miranda's motion was unsuccessful, it was not without merit.

Alonzo-Miranda's time spent on his motion for summary judgment on the accommodation claim was also reasonable. It was reasonable to file for summary judgment and the motion helped narrow the issues for trial. While it is true that Alonzo-Miranda subsequently submitted other filings asking for clarification or reconsideration, his actions were reasonable in light of what he perceived to be intervening, potentially controlling, law.

Schlumberger argues that the billing records contain approximately 19.5 hours relating to the depositions of Drs. Dennis, Wyrick, and Roach, while each deposition lasted only one hour. Opp'n 13. However, a closer look at the records shows that this time includes preparing for, traveling to, and taking the depositions as well as reviewing them in preparation of trial. This work was reasonable and will be fully compensated.

Schlumberger objects to the attorneys doing what is largely clerical work. Although for the most part the Court finds that the work done was appropriate and need not be delegated to a paralegal, much of Mr. McKnight's work on the fee application was clerical. For example, reviewing time entries and comparing for accuracy seems imminently clerical. The Court will reduce those hours by approximately half, for a reduction of 5.75 hours.

### B. Reasonable Hourly Rate

The Court determines the reasonable hourly rate "according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 894 (1984). Alonzo-Miranda requests the following hourly rate for his attorneys: John W. Griffin, licensed 1981 ($500); Robert E. McKnight, licensed 1993 ($400); Oscar H. Villarreal, licensed 1980 ($350); and Michael J.

Neuerburg, licensed 2010 ($275).[2] He submits the declarations of four attorneys who practice in this market who believe that these rates are reasonable. *See* Pl.'s Mot. for Fees & Costs, Exs. 4-7.

Schlumberger argues that these rates are unreasonable, pointing out that judges in the San Antonio Division regularly take judicial notice of the State Bar of Texas Department of Research and Analysis Hourly Rate Report ("Rate Report"). *See, e.g., Alvarez v. AMB-Trans Inc.*, No. SA-11-CV-179-XR, 2013 WL 789238, at *2 (W.D. Tex. Mar. 4, 2013) (noting that based on the Rate Report, the hourly rates submitted by counsel appeared to be higher than the customary fee for the San Antonio area); *Swiney v. Texas*, No. SA-06-CA-0941 FB NN, 2008 WL 2713756, at *5 (W.D. Tex. July 3, 2008) (noting that "[a] reasonable fee can be determined by examining the State Bar of Texas Hourly Rate Report" and using it to verify the reasonableness of the proposed fee amount).

The Rate Report details attorney hourly rates by years in practice, location, and type of practice. The most current Rate Report was published in 2014 after a survey was conducted in the spring of 2014 to obtain information on hourly rates charged in 2013 by Texas attorneys. Schlumberger argues that Alonzo-Miranda's counsel should be awarded the median hourly rate for attorneys in San Antonio with a similar number of years of experience, as stated in the Rate Report: John W. Griffin, licensed 1981 ($263); Robert E. McKnight, licensed 1993 ($235); Oscar H. Villarreal, licensed 1980 ($263); and Michael J. Neuerburg, licensed 2010 ($199).

Admittedly, the Rate Report does not take into account the particular skill and reputation of Alonzo-Miranda's attorneys. Mr. Villareal has presented evidence that he actually commands a higher fee in the San Antonio market: he declares that $350 per hour is his normal rate for a fee-

---

[2] Alonzo-Miranda also requests $125 per hour for the work of a paralegal, Richard Soliz, and submits two declarations in support of this rate. Schlumberger agrees that this is a reasonable rate, Pl.'s Mot. for Fees & Costs at 11 n.6, as does the Court.

paying client in Alonzo-Miranda's position. Decl. of Oscar H. Villareal, ECF No. 163-3. The Court finds that this amount is reasonable, based on his declaration and level of skill. However, Alonzo-Miranda's other counsel could not present evidence of their own typical rates because they do not generally bill clients for work in the San Antonio legal market, but a much smaller town two hours away. *See* Pl.'s Mot. for Fees & Costs at 12. Alonzo-Miranda submitted declarations in support of their motion to demonstrate that his attorneys possess above-average skill and reputation in this field. Indeed, Schlumberger concedes that "[w]ithout a question, Plaintiff's attorneys are skilled." Def.'s Opp'n 20.

The Court agrees that Alonzo-Miranda's attorneys are excellent litigators. Still, while the issue of dogs treating PTSD is somewhat novel, the Court does not find that this case required particularly novel or difficult strategies. In most respects, this case involved a straight-forward ADA claim. As such, the Court finds that the median rates in the area, as noted above and in the Rate Report, are reasonable in this case.

This rate is more in line with fees awarded in other cases in this district, as cited by Schlumberger. *See Reyes v. Stone*, No. SA:11-CV-110-DAE, 2014 U.S. Dist. LEXIS 136956, at *3-5 (W.D. Tex. Sept. 29, 2014) (in an FLSA case, reducing plaintiff's counsel's requested rate of $300 per hour to a rate of $260 per hour, where attorneys had practiced law for over a decade); *Martinez v. Bank of Am. N.A.*, No. SA-12-CV-785-XR, 2013 U.S. Dist. LEXIS 130667, at *5 (W.D. Tex. Sept. 12, 2013) (finding rates of $268 per hour for an attorney with more than twenty-one years of experience and $205 per hour for an attorney with three to six years of experience reasonable); *Saldana v. Zubha Foods, LLC,* No SA:13-00033-DAE, 2013 U.S. Dist. LEXIS 90785, at *19 (W.D. Tex. June 28, 2013) (finding a rate of $275 per hour to be reasonable for an attorney with nearly twenty years of experience).

### C. Lodestar Summary

After applying the rates above with the number of compensable hours, the lodestar calculation is:

| | J. Griffin | R. McKnight | O. Villarreal | M. Neuerburg | R. Soliz (paralegal) |
|---|---|---|---|---|---|
| Total hours originally requested | 261.5 | 58 | 9.4 | 643 | 8 |
| 50% of hours specific to termination claim subtracted | 7.625 | N/A | 1.7 | 38.125 | N/A |
| 50% of hours of clerical work subtracted | N/A | 5.75 | N/A | N/A | N/A |
| Hours requested since the filing of motion for fees added | 0 | 17.75 | 0 | 17.25 | 0 |
| **Total Hours Awarded** | 253.875 | 70 | 7.7 | 622.125 | 8 |
| **x Rate** | $263/hour | $235/hour | $350/hour | $199/hour | $125/hour |
| **= Total Amount Recoverable (Lodestar)** | $66,769.13 | $16,450.00 | $2,695.00 | $123,802.88 | $1,000.00 |

### D. Lodestar Adjustments

The lodestar calculation may be adjusted based on the *Johnson* factors, as mentioned previously, but not on the basis of any factor already accounted for in calculating the lodestar. *See Perdue*, 559 U.S. at 553; *see also Black*, 732 F.3d at 502. The Court considered many of the *Johnson* factors in setting the lodestar, including the time and labor required, the novelty and

difficulty of the questions, the skill required of the attorneys as well as their experience and abilities, the customary fee, and awards in similar cases.

A factor of particular concern in this case is the amount involved and the result obtained. The Fifth Circuit has held that the most critical factor in determining an attorney's fee award is the degree of success obtained. *Black*, 732 F.3d at 503. Where a plaintiff has achieved only partial or limited success, simply multiplying the hours expended on the litigation as a whole by a reasonable hourly rate may be excessive. *Hensley*, 461 U.S. at 436; *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998).

The Court recognizes that Alonzo-Miranda was unsuccessful on his termination claim and that he was ultimately awarded just $28,590. However, hours relating to the termination claim have already been reduced in the lodestar calculation. Furthermore, "[a] rule of proportionality [between fees sought and damages awarded] would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts, and would be totally inconsistent with Congress' purpose of ensuring sufficiently vigorous enforcement of civil rights." *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986); *see also Lewallen v. City of Beaumont*, 394 F. App'x 38, 46 (5th Cir. 2010) ("There is no strict rule or maximum limit on the permissible ratio of fees to damages."). Success in litigation must be measured in more than dollars. Attorneys must be encouraged to take on cases such as this one in which public rights are vindicated even though large sums of money are not at stake. For this reason, the Court will not reduce the lodestar award for Alonzo-Miranda's counsel, despite the fact that the fee award is much larger than the monetary judgment obtained.

## II.   COSTS

Mr. Alonzo-Miranda requests $26,490.30 in costs. *See* Pl.'s Mot. for Fees & Costs, Ex. 8. Schlumberger argues that the request for costs is untimely and that many of the costs listed are not recoverable.

Rule 54(d) of the Federal Rules of Civil Procedure states that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Indeed, the Fifth Circuit strongly presumes that costs will be awarded to a prevailing party. See *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006) (citing *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992)). In general, federal courts may award only those costs itemized in 28 U.S.C. § 1920, unless there is explicit statutory or contractual authorization to the contrary. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45; *see also Mota v. Univ. of Tex. Hou. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Additionally, the Fifth Circuit has interpreted the "attorney's fee" allowed by 42 U.S.C. § 2000e–5(k) (incorporated into the Americans with Disabilities Act by § 12117(a)) to include reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client in the course of providing legal services. *See Mota*, 261 F.3d at 529; *Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990). Thus, in this case, the Court may award reasonable out-of-pocket expenses that are part of the costs normally charged to a fee-paying client.

The Court has broad discretion in determining an appropriate award of costs. *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). The Court is to give "careful scrutiny" to the items proposed by the prevailing party. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995) (citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964)). The Court is free

to decline to award costs where the expenses are not deemed to have been "reasonably necessary" to the litigation. *See, e.g., Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257–58 (5th Cir. 1997).

### A. Timeliness

Rule CV-54(a) of the Local Rules of the Western District of Texas requires a prevailing party to file a proposed bill of costs no later than 14 days after the entry of judgment. Judgment was entered in this case on April 6, 2015. ECF No. 161. That judgment modified Alonzo-Miranda's deadline to file his motion for attorneys' fees, giving him 28 days after the entry of judgment. The judgment is silent as to costs, and Alonzo-Miranda did not request attorneys' fees and costs until May 4, 2015. However, attorneys' fees include reasonable expenses, *see Mota*, 261 F.3d at 529, so the Court's Order regarding attorneys' fees also applied to reimbursable expenses. Alonzo-Miranda's application for costs was thus timely.

### B. Recoverable Expenses

Schlumberger concedes to several expenses requested by Alonzo-Miranda. These include the filing fee, subpoena service, postage, faxes, printing, and copies. Def.'s Opp'n 8 n.3. Because these expenses are all clearly permissible under *Mota*, Alonzo-Miranda is entitled to recover them. These expenses add up to $2,185.49. Additionally, *Mota* also explicitly permits counsel to recover travel expenses. *See Mota*, 261 F.3d at 529. Alzono-Miranda has specifically documented and requested reimbursement for travel expenses, and the Court finds them reasonable. Therefore, Alonzo-Miranda is entitled to recover travel expenses of $3,679.89.

The Court is unable to locate cases in which the Fifth Circuit addressed the question of electronic research. However, several courts have awarded reimbursement for electronic research, finding the expense to be one normally charged to a fee-paying client. *See DeHoyos v. Allstate*

11

*Corp.*, 240 F.R.D. 269, 334-35 (W.D. Texas 2007) (awarding expenses for electronic research to class counsel because it is customary to recover such costs from fee-paying clients); *Smith v. Tarrant Cnty. Coll. Dist.*, No. 4:09-cv-658-Y, 2010 WL 4063226, at *9 (N.D. Tex. Oct. 13, 2010) (awarding costs for Westlaw under 42 U.S.C. § 1988); *Sorkin v. Universal Bldg. Prods., Inc.*, No. 1:08-cv-133, 2010 WL 519742 (E.D. Tex. 2010) (awarding electronic research expenses under 35 U.S.C. § 285). Because the Court finds that electronic research is a "reasonable out-of-pocket-expense[] incurred by the attorney which [is] normally charged to a fee-paying client," *Mota*, 261 F.3d at 529, Alonzo-Miranda is entitled to recover these expenses, which amounted to $11,512.29.

Schlumberger also objects to Alonzo-Miranda's request for expenses for exemplification. First, Schlumberger argues that the request for $428.67 for demonstrative exhibits at trial should be denied because they were not pre-approved by the Court, *see* Def.'s Opp'n 7, as required when costs are sought under Section 1920, *see, e.g.*, *Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2010 WL 4314298, at *2 (N.D. Tex. Oct. 26, 2010); *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *3 (N.D. Tex. Nov. 10, 2010) report and recommendation adopted, No. 3-10-CV-0481-M-BD, 2010 WL 5093944 (N.D. Tex. Dec. 13, 2010) *aff'd sub nom. Fast Memory Erase, LLC v. Intel Corp.*, 423 F. App'x 991 (Fed. Cir. 2011). However, as discussed above, Alonzo-Miranda requests costs under Section 2000e-5(k), which has a different standard. The Court finds that demonstrative exhibits are the type of "out-of-pocket expenses" typically charged to paying clients, and thus the Court will award Alonzo-Miranda the $428.67 he requests for these exhibits.

Schlumberger objects to Alonzo-Miranda's request for $1,045.00 for the videotaped deposition of Jean-Remy Bellanger. In *Mota*, the Fifth Circuit expressly held that videotaped depositions cannot be reimbursed under Section 2000e-5(k) because they cannot be characterized

as "'out-of-pocket expenses' similar to postage and long-distance telephone calls." 261 F.3d at 529. However, Section 1920 has since been amended to permit recovery of expenses for video depositions. *See* 28 U.S.C. § 1920 (permitting judges to award expenses for "[f]ees for printed or electronically recorded transcripts *necessarily obtained* for use in the case" (emphasis added)). However, courts have often found such costs unwarranted where cases aren't particularly complex, the witness would have been available for trial testimony, or the video was not used at trial. *See, e.g.*, *Sheikh-Abukar v. Fiserv Solutions, Inc.*, No. Civ. A. H-09-2769, 2011 U.S. Dist. LEXIS 12457, at \*4 (S.D. Tex. Oct. 26, 2011) (denying video expenses in an employment discrimination case because it was relatively simple); *NuVasive, Inc. v. Lewis*, No. A-12-CA-1156-SS, 2014 U.S. Dist. LEXIS 151117, at \*27 (W.D. Tex. Oct. 22, 2014) ("The Court fails to see how these costs were necessarily obtained for use in this case when the witness at issue actually appeared in person at trial, and the video deposition was not used."); *Eastman Chem. Co. v. PlastiPure, Inc.*, No. A-12-CA-057-SS, 2013 U.S. Dist. LEXIS 144390, at \*20-21 (W.D. Tex. Oct. 4, 2013) (declining to award costs for both transcripts and video recordings of the same depositions where the videos were not used at trial).

In this case, Alonzo-Miranda told Schlumberger shortly after Bellanger's deposition that he planned to call Bellanger live as his first witness, which he ultimately did. At trial, Alonzo-Miranda did not show any of the video-taped testimony, and relied exclusively on the written transcript to impeach Bellanger. The Court sees no reason why the video was necessarily obtained for use in the trial, and Alonzo-Miranda gives no explanation in his reply brief. As such, the Court finds the expense of the video recording—$1,045—unrecoverable.

Schlumberger also objects to awarding expenses for the video-editing of the Dennis and Roach depositions. The Court agrees with Schlumberger that this expense is not specifically

enumerated under Section 1920 and thus cannot be awarded under that statute. At the same time, the Fifth Circuit held in *Mota* that video depositions are not recoverable under 2000e-5(k), 261 F.3d at 529, because they are not properly characterized as "out-of-pocket expenses"; it follows that expenses for editing a video deposition are not recoverable, either. However, the Court finds that unusual circumstances permit the award of video-editing expenses in this case, and that denying these costs would be unjust. Drs. Dennis and Roach are physicians at a V.A. hospital, and the government refused to comply with its subpoena unless it was on its own terms. The government would only permit the doctors to participate in video depositions for one hour each. Because of these restrictions, it was reasonably necessary for Alonzo-Miranda to obtain and edit video testimony of two important witnesses who were totally unavailable for trial. The Court finds that Alonzo-Miranda is entitled to recover this expense of $531.25.

Alonzo-Miranda now concedes that mediation fees are not recoverable under *Mota*, *see Mota*, 261 F.3d at 530, and has withdrawn this item ($550) from his request for reimbursement. *See* Pl.'s Reply 4 n.4.

Finally, Alonzo-Miranda requests $666.00 for "U.S. Forensics for imaging client's cell phone for defendant." Pl.'s Mot. for Fees & Costs, Ex. 8 at 6. However, he does not provide the Court with any information by which to determine whether this expense is recoverable and reasonable. Therefore, the Court will not award costs for this item.

For these reasons, the Court will grant Alonzo-Miranda $24,229.30 in reimbursable expenses.

## III.   CONCLUSION

For the aforementioned reasons, plaintiff's motion for attorney's fees will be granted in part denied in part as follows:

- John W. Griffin: 253.88 hours at $263 per hour = $66,769.13

- Michael J. Neuerburg: 622.13 hours at $199 per hour= $123,802.88

- Robert E. McKnight: 70 hours at $235 per hour= $16,450.00

- Oscar H. Villareal: 7.7 hours at $350 per hour= $2,695.00

- Richard Soliz (Paralegal): 8 hours at $125 per hour = $1,000.00

The defendant shall pay reimbursable expenses in the total amount of $24,229.30.

The total amount awarded to Alonzo-Miranda's counsel will be $234,946.31.

A separate order consistent with this Opinion shall issue on this 11th day of June, 2015.

The Honorable Royce C. Lamberth
U.S. District Court Judge